Lund v. Rice et al.

CHARLES C. LUND, Plaintiff in Error, *vs.* HENRY M. RICE *et al.*,
Defendants in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The recording acts do not authorize the recording of a certified copy of the record of a deed.

H. J. HORN, Counsel for Plaintiff in Error.

MASTERSON & SIMONS, Counsel for Defendants in Error.

*By the Court*—EMMETT, C. J.—The single question presented for our adjudication, by the parties in this case, is whether, under our statute, the certified copy of the record of a deed in another State can be recorded in this State, with the same effect as the deed itself.

Little has been said by counsel beyond stating the case and referring to the different statutes bearing on the question; but we have had no difficulty, from an examination of the statutes, in arriving at the conclusion that the Court below did not err in refusing to admit the Minnesota record of such copy in evidence.

The question arose in this case as follows: A deed embracing lands in this State was recorded in Dane county, Wisconsin, (where other of the lands included therein were located), and a copy of such record was afterwards, (in 1855,) spread upon the records of the county, in this State, where said lands lie. On the trial in the court below, (this being an action to quiet title,) the Plaintiff offered in evidence the Minnesota record above spoken

of, and the Court refused, under the objection of the Defendants, to permit it to go to the jury.   The rejection of this offer is now assigned as error.

The admission of the mere record of a deed in evidence, in lieu of the deed itself, is at best a departure from the well settled and wholesome principle by which courts are governed in admitting evidence; and depending as it does solely upon the statute for authority, we look to the statute alone in determining the question of admissibility.

Our statute (*Com. Stat.* 400, *sec.* 23,) authorizes *deeds* properly acknowledged or proved, to be recorded in the office of the Register of Deeds of the proper county.   Other sections authorize the recording of every instrument in writing (which shall be properly acknowledged, &c.,) by which any estate, or interest in real estate, is created, alienated, mortgaged or assigned, or by which the title therein may be affected in law or equity, except wills and leases, for a term not exceeding three years (*id.* 404–5, *secs.* 54, 56, 57 and 63.)   Others again provide for recording all contracts relating to lands, etc. (*id.* 405, *sec.* 68); but nowhere have we found authority for recording copies of these several instruments, much less a copy of the record thereof, which would be, in fact, but a copy of a copy.   This being the case, there is no reasonable pretext for claiming that the record of a copy of such a record could be received in evidence under *sec.* 26, *Com. Stat.*, 400; because that section refers only to such instruments as are *authorized by law to be recorded.*

Judgment affirmed.