WELTIN v. UNION MARINE INS. CO., Limited.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. MARINE INSURANCE—ACTION ON POLICY—PLEADING.

A complaint in an action on a policy of marine insurance, or certificates covered thereby, is fatally defective when it fails to allege that the policy or certificate covered the precise loss by fire and water, or that when the loss occurred the policy and certificate were still binding.

2. SAME.

An allegation that "there still remains a loss on so much of the cargo damaged as aforesaid, which was covered by the certificates aforesaid," is a mere conclusion.

Appeal from special term, New York county.

Action by Edwin Weltin against the Union Marine Insurance Company, Limited, to recover on a contract of marine insurance made by defendant with one Staenglen, to cover the latter's interest in a cargo of cotton to be shipped from Galveston, Tex., to Cronstadt, Russia. A portion of the cargo was damaged by fire and water at Cronstadt. The interest of the assured was assigned to plaintiff. The complaint alleges only that the defendant carries on the business of a marine insurer; that it "issued a certificate of insurance numbered 10,802, which certificate covered and was intended to cover the owner's interest in a certain portion of a cargo of cotton that was then shipped or about to be shipped by the bark Mitthassel, from Galveston, in Texas, to Cronstadt, in Russia, to the extent of $6,350. * * * Subsequently, and on the same portion of cargo, and to cover and protect the same interest, defendant issued another certificate, numbered 4,871, which was merely additional insurance to the extent of $950. * * * That these certificates * * * were issued under policy No. 11,854, * * * and, when issued, purported to and actually did represent and take the place of the policy, and convey all rights of the original policy-holder as fully as if the property insured had been covered by a special policy direct to the holder of the certificate." The complaint further proceeds: "The merchandise aforesaid was, subsequent to the insurance thereof, and on the voyage contemplated in such contract, dispatched from Galveston to Cronstadt on board the bark Mitthassel, named in said certificates. It arrived in the port of Cronstadt, per Mitthassel, on about the 22d day of May, 1885, and soon thereafter steps were taken to discharge the same by means of lighters. At the port of Cronstadt it is and for years has been an invariable custom to discharge cargoes from ships to the docks by means of lighters." It then alleges that a certain lighter, having been sent along-side the ship to assist in the discharge of the cargo, took fire, and so much of the cargo as had been placed on board of her was damaged; and judgment is demanded for the damages thus occasioned. The complaint was demurred to as not stating facts sufficient to

constitute a cause of action. From a judgment sustaining the demurrer plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Mr. de L. Berier,* for appellant. *Lewis Cass Ledyard,* for respondent.

O'BRIEN, J. The objections to be found with the complaint are that it is nowhere stated therein what risks were insured against, nor whether the policy of insurance represented by the certificates was a true policy or a voyage policy. What is required in a pleading is a brief statement of facts showing a cause of action. These, though imperfectly, informally, or argumentatively averred, or though the pleading be indefinite or uncertain, do not render the pleading obnoxious to demurrer. Where, however, as here, a suit is brought to recover on a policy of insurance or certificates covered thereby, it is not sufficient to aver in a complaint that a policy was issued and a loss sustained. Insurances are of various kinds, and many different forms of policy are in use covering very different risks. Here none of the terms of the policy or of the certificates are given. Is it not clear that in order to recover it must be proved that the policy or certificates were in force at the time of the loss, and that the agreement was to pay such loss as occurred? No promise to pay any loss is alleged, nor is any description of the perils insured against given. There is a single conclusion stated in paragraph 8 of the complaint, that "there still remains a loss on so much of the cargo damaged as aforesaid, which was covered by the certificates aforesaid." Assuming the language "which was covered" to refer to the loss, and not to the damaged cargo, and giving to "covered" the broadest signification as a concise mode of stating that the loss sustained was one against which the assured's interest "was protected," the objection still remains that, in the absence of any statement of facts showing the terms or conditions of the policy or certificate, this is a mere unsupported conclusion, and one which by the most forced construction only can be tortured into an allegation that the loss was one insured against. Admitting every fact distinctly alleged, or that by reasonable and fair intendment can be implied, there is still an absence of the averments essential to plaintiff's cause of action, viz., that the policy or certificates covered the precise loss by fire and water, or that when the loss occurred the policy and certificates were still binding and in force. The conclusion reached by the trial judge justified the judgment sustaining the demurrer, and it should be affirmed, with the costs and disbursements of this appeal, but with leave, upon payment thereof, and the costs of the demurrer in the court below, to serve an amended complaint. All concur.