# F. H. KNUTZEN v. NATIONAL LIVE STOCK INSURANCE COMPANY OF ST. PAUL.[1]

June 11, 1909.

Nos. 16,204—(74).

**Insurance — Live Stock — Complaint Defective.**

A complaint, in an action to recover on a live stock insurance policy conditioned to indemnify plaintiff for loss by death from disease or accident of the animals insured, *held* defective on demurrer, in not alleging that the death of the animal sued for was caused either by disease or accident.

**Same — Allegation of Death.**

In such a case the naked allegation that the animal died does not show a liability under the contract.

Action in the municipal court of St. Paul against defendant company on its policy of insurance to recover $150 for loss on account of the death of a certain gelding. From an order, Finehout, J., overruling a demurrer to the second amended complaint, defendant appealed. Reversed.

*Edward B. Graves,* for appellant.
*George C. Rogers,* for respondent.

BROWN, J.

Appeal from an order overruling defendant's general demurrer to plaintiff's complaint. The complaint alleges, among other things, that the defendant is a live stock insurance corporation, and as such issued to plaintiff on August 15, 1907, a policy of insurance by which plaintiff was insured against loss by death, from disease or accident, of the animals therein mentioned. It also alleged a compliance by plaintiff with all the terms and conditions imposed upon him by the contract, and that a certain gelding, named "Tom," was included in and covered by the policy. It then alleges that "on

[1] Reported in 121 N. W. 632.

the 27th day of January, 1908, and while the said policy was still in force and effect, the above-described gelding, named 'Tom,' died, which death did not happen from any of the causes excepted in said policy." The complaint contains no other allegation pertinent to the question raised by the demurrer, and it is unnecessary to refer to its other averments.

The objection to the complaint is that it fails wholly to allege a loss within the terms of the policy or for which defendant is bound to indemnify plaintiff. The objection is well taken.

The policy insured plaintiff against loss arising from the death of his horses occurring from "disease or accident," and the pleading contains no suggestion that either was the cause of the death of the gelding Tom. For all that appears he may have died from old age, and not from disease, or from some other cause not mentioned in the exceptions contained in the policy. The rule applicable to an insurance policy against loss or destruction of property by cyclone or wind-storm applies here. In such a case a complaint which simply alleges the issuance of the policy and its terms, and that on a certain day the property covered thereby was destroyed, would fail to state a cause of action. An allegation of the facts bringing the destruction of the property within the protection of the policy would be indispensable. So here plaintiff should have alleged, if such was the fact, that the horse died either from disease or accident, for unless one or the other was the cause of the death the company is not liable. Of course, if disease was the occasion of the death, plaintiff's inability to name it would not necessarily be fatal to the complaint. But the absence of any averment that either disease or accident was the cause of the death renders the complaint bad on demurrer. Newman v. Railway, 15 Ind. App. 29, 42 N. E. 650; Weltin v. Union, 59 Hun, 625, 13 N. Y. Supp. 700; Louisville v. Bland, 39 Ky. 143.

It is necessary that plaintiff prove on trial the cause of the death of the horse, whether from disease or accident, and this he could not do without alleging it. Griggs v. City of St. Paul, 9 Minn. 231 (246).

Order reversed.

JAGGARD, J., dissents.