## GUSTAVE A. CARLSON v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

### June 20, 1919.

### No. 21,273.

**Workmen's Compensation Act — employer's right of subrogation.**

    1. Under the Workmen's Compensation Act, chapter 467, p. 765, Laws 1913, the employer's right to recover the amount which he was compelled

[1]Reported in 173 N. W. 405.
143—M. 9

to pay to his employee's dependents from a third party, whose act was the cause of the accident, depends upon whether the negligence of such third party was the proximate cause of the injury.

**Workmen's Compensation Act — election of remedy by injured employee.**
2. Under the 'Workmen's Compensation Act, where an employee is injured in the course of his employment by the actionable negligence of a third party, a statutory remedy accrues to him or his dependents for compensation against his employer, and a common law remedy against such third party, though he cannot proceed against both. If he elects to pursue the former remedy, he waives the latter, and his employer is subrogated to the right.

Action in the district court for Hennepin county to recover $3,659.13 damages awarded Dorothy Rapley, under the Workmen's Compensation Act, for the death of her husband while in the employ of plaintiff. The answer admitted that one Charles J. Rapley was injured by colliding with a street car of defendant, but denied that the collision occurred as alleged in the complaint and denied that it was caused by any negligence on the part of defendant. The case was tried before Fish, J., who at the close of the testimony denied defendant's motion for a directed verdict and a jury which returned a verdict for defendant. Plaintiff's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Olof L. Bruce, John Lind* and *A. T. Larson,* for appellant.
*R. T. Boardman* and *W. D. Dwyer,* for respondent.

QUINN, J.
Plaintiff was engaged in the scavenger business in the city of Minneapolis. Charles J. Rapley was employed as one of his teamsters, and during the early morning of June 30, 1915, while in the performance of his duties, he dumped a load of waste into the river below the Washington Avenue bridge, and then started on his way home. He drove up the incline from the river and along Twenty-first Avenue south to its intersection with Washington Avenue. As he turned to the east to cross the bridge, one of defendant's street cars approached and struck the left wheel of the wagon, throwing Rapley from his seat on the wagon to the

pavement, thereby injuring him so that he died within a short time. At the time of the accident, deceased, the appellant and respondent were all subject to the provisions of chapter 467, p. 675, Laws 1913, the Workmen's Compensation Act. Rapley left surviving him Dorothy, his wife, and several minor children, as dependents. Mrs. Rapley proceeded against the appellant under the Compensation Act. She recovered at the rate of $10.80 per week for the period of 300 weeks, beginning July 14, 1915, and in addition thereto the sum of $100, funeral expenses. The proceedings were reviewed by this court, the judgment affirmed, and appellant paid the sum of $3,340 thereon.

The plaintiff seeks to recover from the defendant in the present action, under the Compensation Act, the amount which he was so compelled to pay upon the judgment referred to, with costs and expenses. At the trial the court submitted to the jury, whether negligence on the part of the defendant, or its employees, caused the collision which resulted in the injury and death of Rapley. The jury found that there was no neglect on the part of the defendant or its employees. Plaintiff moved for a new trial, on the ground that the verdict was not justified by the evidence and was contrary to law. The motion was denied. Plaintiff then moved the court to proceed with the trial and for judgment in his favor. This motion was denied, judgment entered in favor of the defendant and the plaintiff appealed.

It is alleged in the complaint that, while in the course of his employment as plaintiff's teamster, Charles J. Rapley was driving across the defendant's track at the intersection of Twenty-first Avenue and Washington Avenue south, in the city of Minneapolis, the defendant company so carelessly and negligently ran and operated one of its street cars that it struck the wagon belonging to plaintiff, in which Rapley was then riding, with such force that the driver was thrown therefrom to the pavement and so injured that he died shortly after.

Section 8229, G. S. 1913, reads as follows:

"That where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employee in case of injury or his dependents in case of death,

may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both.

"If the employee in case of injury, or his dependents in case of death, shall bring an action for the recovery of damages against such party other than the employer, the amount thereof, manner in which and the persons to whom the same are payable, shall be as provided for in part 2 of this act and not otherwise; provided that in no case shall such party be liable to any person other than the employee or his dependents for any damages growing out of or resulting from such injury or death.

"If the employee or his dependents shall elect to receive compensation from the employer, then the latter shall be subrogated to the right of the employee or his dependents to recover against such other party, and may bring legal proceedings against such party and recover the aggregate amount of compensation payable by him to such employee, or his dependents hereunder, together with the costs and disbursements of such action and reasonable attorney's fees expended by him therein."

It is contended on behalf of the plaintiff, that he is entitled to recover from the defendant company, under the act, the amount which he was required to pay to decedent's dependents, regardless of whether it was guilty of negligence contributing to the accident. The statute provides, that where an injury or death is caused for which compensation is payable, under such circumstances as to create a liability for damages on the part of any party other than the employer, who is also subject to the provisions of part 2 of the act, the employee or his dependents, as the case may be, may proceed, either at law against such other party than the employer to recover damages, or against the employer for compensation, but not against both—clearly distinguishing between the meaning of the terms "compensation" and "damages." It is also provided that if the employee, or his dependents, bring an action for the recovery of damages against such other party, the amount thereof, manner in which and the persons to whom paid, shall be as provided in part 2 of the act, and that in no case shall such third party be liable to any party other than the employee or his dependents for any such damages. The act provides that if the employee or his dependents elect to receive compensation from the employer, then the latter shall be subro-

gated to the rights of the employee or his dependents to recover against such other party, and may bring legal proceedings to recover the aggregate amount of such compensation.

The language is susceptible of but one meaning. It speaks for itself. The phrase "legal liability for damages," we think, has reference to common law liability. The act does not take from the employee or his dependents the common law right of recovery against the defendant company, if it was negligent. The case of McGarvey v. Independent Oil & Grease Co. 156 Wis. 580, 146 N. W. 895, is in point. In that case the supreme court of Wisconsin, in speaking of this very subject, says:

"It is conceded, as the fact is, that, in case of an employee, in the course of his employment, being injured by the actionable negligence of a third person, a statutory remedy accrues to him for compensation, against his employer and a common law remedy against such third person, though he cannot have but one satisfaction."

The jury found that there was no negligence on the part of the defendant. There being no negligence there was no common law right of action. The verdict is supported by the evidence.

Affirmed.