# METROPOLITAN MILK COMPANY AND ANOTHER v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

### May 27, 1921.

### No. 22.261.

**Workmen's Compensation Act — injury caused by third party — award against third party.**

Under G. S. 1913, § 8229 (1), an employer against whom an award of periodical payments is made under the compensation act in favor of an employe or dependent, where the injury or death was caused by the negligence of a third party, all being under the compensation act, may have an award against the third party like that which the employe or dependent might have had, and need not await the payment of the entire amount due on the award against him before having his rights against the third party · fixed and determined.

Action in the district court for Hennepin county to recover $2,383 for compensation payments required of plaintiff because of the negligence of defendant's motorman. Defendant's motion to dismiss the action on the pleadings, on the grounds that the same did not state a cause of action against defendant and was prematurely brought, was granted, Hale, J. From the judgment dismissing the action, plaintiffs appealed. Reversed.

*A. A. Tenner,* for appellants.

*Ralph T. Boardman* and *W. D. Dwyer,* for respondent.

DIBELL, J.

This is an action by the Metropolitan Milk Company and the Continental Casualty Company against the Minneapolis Street Railway Company. On motion of the defendant it was dismissed before the introduction of testimony. Judgment was entered for the defendant and the plaintiffs appeal.

[1] Reported in 183 N. W. 830.

The question is whether the complaint states facts entitling the plaintiffs to present relief. Briefly they are these:

Emery A. Johnson, an employe of the milk company, was killed through the negligence of the defendant street railway company on January 16, 1919. He and the milk company and the street railway company were subject to the Workmen's Compensation Act. The casualty company was the insurer for the milk company. On May 20, 1919, in proceedings under the compensation act, Clara Johnson, the mother and dependent of the deceased, was awarded compensation at the rate of $7.60 per week during dependency, payable every four weeks for the period of 300 weeks. The milk company has paid all instalments which accrued prior to the commencement of this action.

The applicable provisions of the Workmen's Compensation Act are found in G. S. 1913, § 8229 (1), and are as follows:

"8229. (1) That where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe in case of injury or his dependents in case of death, may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both.

If the employe in case of injury, or his dependents in case of death, shall bring an action for the recovery of damages against such party other than the employer, the amount thereof, manner in which and the persons to whom the same are payable, shall be as provided for in part 2 of this act and not otherwise; provided that in no case shall such party be liable to any person other than the employe or his dependents for any damages growing out of or resulting from such injury or death.

If the employe or his dependents shall elect to receive compensation from the employer, then the latter shall be subrogated to the right of the employe or his dependents to recover against such other party, and may bring legal proceedings against such party and recover the aggregate amount of compensation payable by him to such employe, or his dependents hereunder, together with the costs and disbursements of such action and reasonable attorney's fees expended by him therein."

The first paragraph gives the employe or dependent the choice of proceeding against the third party or against the employer.

The second paragraph provides that, if the employe or his dependent proceeds against the third party, the amount of the recovery and the manner in which and the persons to whom it shall be paid shall be as provided in the compensation act; in other words, the award against the third party is like the award had it been against the employer.

The third paragraph provides that, if the employe or dependent elects to take compensation from the employer, then the employer shall be subrogated to the rights of the employe or dependent against the third party; in other words, the employer then gets an award against the third party like the employe or dependent would have gotten, and such award again is like that given against the employer.

The dependent, Mrs. Johnson, elected to receive compensation from the employer, the milk company. The milk company was then subrogated to her rights, had she chosen to proceed against the street railway company. It was entitled to get against the street railway company an award like Mrs. Johnson could have gotten had she chosen to proceed against it. In some respects the principle applied in Wendlandt v. Sohre, 37 Minn. 162, 33 N. W. 700, may be invoked here. There an action by the plaintiff, who stood in the position of a surety, to compel the defendant to pay the creditor was sustained While the statute, G. S. 1913, § 7684, permitted this procedure, it was stated by the court to be familiar equity practice.

To recover from the street railway company, the milk company must show a ground of recovery resting in negligence, that is, there must be negligence of the street railway company causing the injury, and it must not appear that the young man killed was contributorily negligent. The intervention of an executor or administrator is unnecessary. The actual amount of damage suffered by the dependent, Mrs. Johnson, is not a subject of inquiry. The statute fixes the amount of recovery. The employer recovers the "amount of compensation payable by him to such employe or his dependents hereunder, together with the costs and disbursements of such action and reasonable attorney's fees expended by him therein." The parties when they became subject to the compensation act consented to this result.

The street railway company was not a party to the award against the milk company. We are not required at this time to consider what defenses it may have when reliance is had upon an award or a payment under the act. It may be noted that it has been held that an award or payment by agreement pursuant to the act is prima facie evidence of its rightfulness. Grand Rapids Lumber Co. v. Blair, 190 Mich. 518, 157 N. W. 29; Thompson & Sons v. Northeastern Marine Engineering Co. [1903] 1 K. B. 428. Nor are we now concerned with what might happen in the event that liability ceased before the expiration of the 300 weeks, or what might happen in the event of a change of the amount of the award in a particular case. Such situations afford no more difficulty than like situations when the award is against the employer alone. Various situations will bring their peculiar difficulties, but none with which the law will be unable to cope satisfactorily.

The employer is not required to wait until all payments due to the employe or the dependent have been made and then sue at law. Neither does the employer absolve himself from liability when his rights against the third party are fixed. He is liable as before to the employe or dependent until satisfaction.

It may be that the plaintiffs could proceed, whenever it paid an instalment, against the casualty company as an indemnitor, the judgment in the first action being res judicata on the question of the third party's liability in negligence, but the view we adopt is in harmony with the purpose and provisions of the act and is easily workable.

We hold that the plaintiffs were entitled to proceed against the street railway company and have a determination of their rights without waiting until they had paid the amounts awarded to the dependent.

Judgment reversed.