THORNTON   BROS.   COMPANY   v.   NORTHERN   STATES
POWER COMPANY.[1]

No. 22,658.

February 24, 1922.

Negligence of electric company—evidence.

1. The evidence supports a finding that an electric company was negligent in suspending high power transmission wires but 20 feet above the street and permitting the insulation to become frayed and worn and portions of the wire exposed.

Contributory negligence of workman not in question.

2. It is an open question whether the contributory negligence of a workman who has received compensation from his employer can be asserted by a third party as a defense when sued by the employer to recover the amount of compensation paid as provided by section 8229, G. S. 1913. The question does not arise in this case, the court having

[1]Reported in 186 N. W. 863, 187 N. W. 610.

found upon sufficient evidence that the sole cause of the workman's injury was the negligence of the third party.

**Liability of third party for attorney's fees of employer.**

3. The last subdivision of section 8229, making the third party liable for reasonable attorney's fees expended by the plaintiff in such an action, does not contravene any provision of the state or Federal Constitution.

April 7, 1922.

**Award for attorney's fees.**

Section 8229, subd. 3, G. S. 1913, is broad enough to warrant an allowance for attorney's fees in the supreme court to an employer who is taken there in order to sustain the judgment he recovered in the district court. The application should be made after the decision has been rendered and before judgment is entered, and should be heard upon the usual notice or order to show cause. One hundred dollars was allowed by the supreme court for fees in that court and the award of the district court approved. [Reporter.]

Action in the district court for Wright county to recover for medical services, hospital expenses, attorney's fees, compensation paid and to be paid to Nick Decker, and other expenses incidental to injuries received by him while in plaintiff's employ and because of defendant's negligence. The case was tried before Haupt, J., who made findings and ordered judgment for $934.94. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Briggs, Weyl & Briggs,* for appellant.

*John J. Kirby,* for respondent.

LEES, C.

Plaintiff is a contractor, and on November 18, 1920, was laying water pipes in the streets of South St. Paul. Nick Decker was one of a crew of men engaged in filling the trenches. Defendant maintained an electric light and power line in South St. Paul. Decker and both parties to this action were subject to the provisions of the Workmen's Compensation Law of this state. A machine was used to fill the trenches. To support the shovel, the machine had a rigid boom, the top of which was 17 feet above the ground. In doing the

work it became necessary to move the machine under two of defendant's high power transmission wires. The poles supporting the wires were on opposite sides of the street and at the point of their attachment the wires were 20 feet above the ground. They sagged between the poles and the boom would not clear them. A similar situation had been encountered a number of times before and on each occasion one of plaintiff's employes climbed up the boom and lifted the wires over it. On this particular occasion the engineer operating the filling machine directed Decker to go up on the boom and lift the wires. He proceeded to do so and lifted the first one over the top of the boom safely, but when he attempted to lift the second wire he received an electric shock which caused him to fall to the ground, thus seriously injuring him. Decker elected to claim compensation from plaintiff, and, his claim having been duly adjusted, plaintiff brought this action to recover from defendant the amount it had paid. The action was brought pursuant to the third subdivision of section 8229, G. S. 1913.

The complaint charged defendant with negligence in suspending its wires too near the ground and failing to keep them properly insulated. A jury trial was waived and the court made findings in plaintiff's favor, upon which judgment was entered. This appeal is from the judgment.

It was found that Decker's injuries were caused solely by reason of defendant's negligence in maintaining its power wires in a dangerous and defective condition. There was a specific finding that there were bare spots on the second wire, due to the fact that the insulation was worn and frayed, and that Decker's hands came in contact with one of the exposed portions of the wire.

1. The principal ground upon which a reversal is sought is that defendant was not guilty of negligence entitling Decker to recover had he brought an action for damages. The substance of the argument is that defendant was under no obligation to insulate its wires at the place in question; that it was plaintiff's duty to request defendant to raise them if they were too low, before attempting to move the filler under them; that plaintiff and Decker were trespassers and that defendant could not reasonably anticipate that any

one would be reckless enough to interfere with a high power electric wire suspended 20 feet above the street. By section 6247, G. S. 1913, defendant was required to locate its wires in such a way as not to interfere with the safety and convenience of ordinary travel over the street. Its contention is that it did all it was required to do in this regard when it suspended the wires 20 feet above the ground. At that height they would not interfere with vehicles passing along the street, and it is probably true that negligence could not be imputed to defendant. on the sole ground that its wires were strung too low.

Chapter 366, p. 525, Laws 1917, prohibits the moving of a building or other structure along a street in a manner which will unnecessarily interfere with electric wires, provides for compensation to the owner when required to displace them to permit a building or structure to be moved, and declares that the act shall not apply to work done upon a street by or for a municipality, or to the moving of a building or structure 18 feet or less in height. Section 8945, G. S. 1913, declares that it shall be a misdemeanor to interfere in any way with electric wires legally strung.

It is a matter of common knowledge that houses are moved along streets and will rarely clear wires less than 18 feet above the ground. Excavating machinery is generally used in grading streets and laying water and sewer pipes, and such machinery may require as much clearance space as a house. It must be presumed that defendant had knowledge of these facts. The wires carried a deadly current of electricity. They were insulated. There was evidence tending to show, contrary to popular belief, that insulation affords no protection to one coming in contact with a wire of high voltage. There was also evidence that electric wires had been handled as these were without harm and that it was customary to lift them as the machine was moved. Much is made of the fact that no bad results followed when Decker lifted the first of the two wires over the boom. If there was no protection in insulation, it is difficult to understand why there had been no accident before.

We are of the opinion that the evidence would not compel a finding that defendant was under no duty to insulate these wires. We

are also of the opinion that the evidence supports the finding that the defective condition of the insulation was the cause of the accident. The degree of care which the law exacts of one who employs so dangerous an agency as electricity has been repeatedly stated. Gilbert v. Duluth G. Elec. Co. 93 Minn. 99, 100 N. W. 653, 106 Am. St. 430; Musolf v. Duluth G. Elec. Co. 108 Minn. 369, 122 N. W. 499, 24 L. R. A. (N. S.) 451; Hoppe v. City of Winona, 113 Minn. 252, 129 N. W. 577, 33 L. R. A. (N. S.) 449, Ann. Cas. 1912A, 247; Davidson v. Otter Tail Power Co. 150 Minn. 446, 185 N. W. 644. Applying the rule, we sustain the finding that defendant was negligent.

2. It is contended that Decker was guilty of contributory negligence as a matter of law. The argument is that he knew the wires carried an electric current, should have known that it might be of high voltage, if he had looked, must have seen that the insulation had come off, and hence whatever danger there might be was open and obvious to him. Plaintiff contends that defendant cannot assert the contributory negligence of Decker as a defense. It makes the point that, by becoming subject to the compensation act, defendant surrendered the right to interpose the so-called common law defenses to actions brought by workmen of other employers also subject to the act.

The trend of our decisions is not in line with this contention. It has been held that the phrase "circumstances * * * creating a legal liability for damages" in section 8229 has reference to the workman's common-law right of recovery, Carlson v. Minneapolis St. Ry. Co. 143 Minn. 129, 173 N. W. 405; that the statute gives no right to proceed against the third party under the compensation act, Hansen v. Northwestern Fuel Co. 144 Minn. 105, 174 N. W. 726; and in Metropolitan Milk Co. v. Minneapolis St. Ry. Co. 149 Minn. 181, 183 N. W. 830, it was said that there must be negligence on the part of the third party and it must not appear that the workman was contributorily negligent. Whether the workman was contributorily negligent was not involved in the case last cited. The effect of his being so could not be decided. The statement has only the force of a remark in the course of a discussion and not the effect of a decision. The question is not discussed in defendant's brief.

Until it arises in a case where it is directly involved, we prefer not to give it further consideration. It may still be regarded as an open question. It does not arise here, for the finding that Decker's injuries were caused solely by defendant's negligence is supported by the evidence and conclusively negatives his alleged contributory negligence.

This finding also answers the contention that plaintiff was guilty of contributory negligence in directing Decker to lift the wires over the boom.

3. The third subdivision of section 8229 gives an employer, subrogated to the right of his employe to recover from a third person, his reasonable attorney's fees expended in securing a recovery. This is attacked as class legislation amounting to a denial of the equal protection of the law to persons in defendant's situation. The question is disposed of by Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412, where, after referring to this provision, it was said: "We find nothing in these provisions contravening any of the provisions of the Constitution. They apply to and bind only those who have voluntarily accepted and agreed to them."

The other assignments of error require no discussion.

Judgment affirmed.

On April 7, 1922, the following opinion was filed:

PER CURIAM.

After the entry of judgment herein, plaintiff applied for an allowance of $350 for attorney's fees in this court. The application is based upon the statute referred to in the original opinion. It is broad enough to authorize an allowance to a plaintiff who is obliged to come here to sustain the judgment he recovered in the district court. This court is in a position to know the facts which develop after a case is brought here for review, and the practice has become settled of making allowances of this character in actions for divorce.

There was a request for such an allowance in the brief filed by plaintiff when the appeal was heard, but it was not acted on because it was considered that the ordinary practice should be followed of

hearing such matters only upon the usual notice or order to show cause. Orderly procedure requires the application to be made after a decision is rendered and before judgment is entered. This being the first application we have had under this statute and the practice not having been defined, we will consider the application as though it had been made in time and was not in effect a motion to amend the judgment which the moving party himself caused to be entered. There was an allowance of $100 in the court below. In making it the district judge may have been influenced by the fact that plaintiff recovered less than $1,000, and the further fact that the questions involved were not specially difficult.

We take into consideration the action of the trial court in making an allowance here. The amount of time and effort expended in presenting the questions to this court on the appeal was no greater than was necessary for the preparation and trial of the case in the lower court.

It is ordered that plaintiff be allowed $100 for attorney's fees, and that the amount so allowed be included in the judgment entered herein, which will be amended accordingly.