CITY OF RED WING v. PAUL EICHINGER AND OTHERS.[1]

April 24, 1925.

No. 24,094.

**City may carry compensation insurance.**

1. A municipality may carry compensation insurance.

**Injured employe may claim compensation from master and sue third person for negligence.**

2. An injured employe who has a common law action against a third person for negligence and also has a claim against his employer under the compensation act may pursue both.

**Master subrogated to right of employe to sue third person.**

3. When such employe claims and receives compensation from the employer the common law action passes to the employer by virtue of subrogation. G. S. 1923, § 4291. The payment or obligation to pay the award on the part of the employer is a condition precedent to his right to prosecute such action.

**Where award is paid by insurer of master, latter cannot sue negligent third person.**

4. Where the award to the employe is paid by an insurance company, pursuant to a policy held by the city, and the city has paid nothing, it has suffered no damage, is not the real party in interest, and cannot maintain an action against the negligent third party who caused the injury.

1. See Workmen's Compensation Acts, C. J. p. 146, § 174 (1926 Anno).
2. See Workmen's Compensation Acts, C. J. p. 140, § 168.
3. See Workmen's Compensation Acts, C. J. p. 141, § 169.
4. See Workmen's Compensation Acts, C. J. p. 141, § 169 (1926 Anno).

Action in the district court for Goodhue county. The case was tried before Johnson, J., who granted defendants' motion to dismiss. Plaintiff appealed from an order denying its motion to set aside the dismissal and for a new trial. Affirmed.

*F. M. Wilson,* for appellant.

*Ofstedahl & Rockne* and *Thomas Mohn,* for respondents.

[1] Reported in 203 N. W. 622.

WILSON, C. J.

The city of Red Wing carried workmen's compensation insurance with the Travelers Insurance Company. The city employed Ole Haga as a street sweeper. The city and Haga were each subject to the Workmen's Compensation Act. While Haga was engaged in his work he was injured by a collision between two automobiles operated on the street by defendants. The Industrial Commission made an award to the employe. The insurance company paid it.

The city now sues the defendants and lays negligence at their door and seeks to recover the amount so received by the employe. The court dismissed the action and plaintiff has appealed from an order denying its motion for a new trial. Section 4291, G. S. 1923, sub. (2) provides for subrogation.

The insurance policy contains this provision:

"K   The Company shall be subrogated, in case of any payment under this Policy, to the extent of such payment, to all rights of recovery therefor vested by law either in this Employer, or in any employee or his dependents claiming hereunder, against persons, corporations, associations or estates."

Our compensation act recognizes the insurer as such. Section 4288, G. S. 1923. It does not compel a municipality, as it does some employers, to carry insurance. Section 4288, G. S. 1923. The municipality, however, may carry such insurance if it so chooses. Nohl v. Board of Education, 27 N. M. 232, 199 Pac. 373, 16 A. L. R. 1085, note 1089; State v. Memphis, 147 Tenn. 658, 251 S. W. 46, 27 A. L. R. 1257; Travelers' Ins. Co. v. Wadsworth, 109 Oh. St. 440, 142 N. E. 900, 33 A. L. R. 711. Our statute above quoted in reference to subrogation has had judicial recognition. The Fidelity & C. Co. v. St. Paul G. L. Co. 152 Minn. 197, 188 N. W. 265; Hansen v. Northwestern Fuel Co. 144 Minn. 105, 174 N. W. 726; Metropolitan Milk Co. v. M. St. Ry. Co. 149 Minn. 181, 183 N. W. 830; Carlson v. M. St. Ry. Co. 143 Minn. 129, 173 N. W. 405.

The injured employe had a common law action, if the facts warranted it, against defendants under sub (2) sec. 4291, G. S. 1923. He also had his claim against his employer under the compensation act.

He could pursue both. He claimed and received compensation and under the statute his common law action, at least in part, passed to the employer by virtue of subrogation. A statutory subrogation has the same characteristics as if it were a creature of equity. It is enforced solely for the purpose of accomplishing the ends of substantial justice and does not depend upon any contractual relation between the parties. When the employer has paid or obligated himself to pay an award of the Industrial Commission, he is by virtue of the statutory subrogation authorized to bring and maintain, in his own name, an action against a third person whose negligence was the proximate cause of the injury to the employe to whom the compensation was awarded, to recover a sum not in excess of the award. Section 4291, G. S. 1923, sub. (2). The payment or obligation to pay the award on the part of the employer is a condition precedent to his right to prosecute such action. Henderson Tel. & Tel. Co. v. Owensboro Home Tel. & Tel. Co. 192 Ky. 322, 233 S. W. 743; Employers' Liability Assur. Corp. v. Indianapolis & C. T. Co. (Ind. App.) 139 N. E. 200; Broderick v. Puget Sound T. L. & P. Co. 86 Wash. 399, 150 Pac. 616.

That fundamental element which supports the doctrine of subrogation, namely, the call for substantial justice, is absent. The city has been protected by the insurance company paying the employe. The city has paid nothing. It is not obligated to pay anything. It has not suffered any damage by reason of the alleged negligence of the defendants. It cannot maintain this action. Its payment of the premium to the insurance company does not change this situation. It was not incurred or paid because of the alleged negligence of defendants. It also relates to other employes and cannot be viewed as a loss or damage which supports this action by plaintiff. The city is not the real party in interest. Every action must be prosecuted by the real party in interest. Section 9165, G. S. 1923; 33 Cyc. 1558. Broderick v. Puget Sound T. L. & P. Co. 86 Wash. 399, 150 Pac. 616.

The insurance company and not the city has suffered the loss to the extent of the amount of money paid. If anyone is entitled to prosecute the alleged cause of action, it would be the insurance com-

pany. There is no law or reason to support the assertion that the city should profit by its employe's injury in a street tragedy. True, the city is entitled to credit for the existence of the insurance by virtue of its contract with the insurance company, but this insurance was taken out for its own protection and for just such an emergency as this. The insurance has protected it so completely that it has had no loss. Such right of subrogation as the law gave the city, it, by contract, assumed to pass to the insurance company. Analogous rights in case of fire insurance are fully discussed in 26 C. J. 465.

Affirmed.