BESSIE G. McGUIGAN v. C. J. ALLEN[1]

December 31, 1925.

No. 24,874.

**When employer who has paid compensation is subrogated to rights of personal representative in amount recovered under death statute.**

1. Section 4291, G. S. 1923, does not destroy the right of action enforceable, under the death statute, section 9657, G. S. 1923, by the personal representative of a deceased employe whose employer has paid compensation pursuant to the Workmen's Compensation Act. The net amount received as a result of the action must be applied in reduction of the amount payable by the employer as compensation. If compensation has been paid, the employer becomes subrogated to the rights of the employe or his dependents against the defendant and, if the recovery exceeds the amount of compensation paid, the excess belongs to the employe or his dependents.

[1]Reported in 206 N. W. 714.

**Neither employer nor insurer necessary parties to action against third party.**

2. Neither the employer nor his insurer is a necessary party to an action against a third party whose negligence caused the injury or death of the employe. It is optional with the employer, when subrogated to the rights of the employe or his dependents, to bring such an action or continue one already commenced, but the action is not for his exclusive benefit, for the employe or his dependents have an interest in the amount recovered to the extent above stated.

**Inference not warranted.**

3. It should not be inferred from the answer that the dependents of the deceased employe had received as compensation the maximum amount which might be recovered under section 9657, G. S. 1923.

**Plaintiff real party in interest.**

4. Plaintiff is the real party in interest, for a judgment in her favor would bar other suits to enforce defendant's alleged liability for the death of her intestate.

**Conclusions of law not admitted by demurrer.**

5. A demurrer admits traversable facts, but not conclusions of law. An allegation that the employer's insurer is the real party in interest and that plaintiff has no interest in the cause of action is in the nature of a conclusion of law.

Death, 17 C. J. p. 1263 n. 6; p. 1277 n. 29 New.
Pleading, 31 Cyc. p. 59 n. 60; p. 333 n. 76; p. 335 n. 80.
Workmen's Compensation Acts, C. J. p. 139 n. 89 New; p. 141 n. 2 New; 10 New; p. 142 n. 12.

---

2. See notes in L. R. A. 1916A, 360; L. R. A. 1917D, 98; L. R. A. 1918F, 524; 19 A. L. R. 781; 27 A. L. R. 499; 28 R. C. L. p. 833; 4 R. C. L. Supp. p. 1873; 5 R. C. L. Supp. p. 1582.

4. See note in L. R. A. 1916E, 160; 8 R. C. L. p. 756; 2 R. C. L. Supp. 650; 4 R. C. L. Supp. p. 572; 5 R. C. L. Supp. p. 483.

Action in the district court for Hennepin county to recover for the death of plaintiff's intestate. Defendant appealed from an order, Molyneaux, J., sustaining plaintiff's demurrer to paragraphs 5 to 9, both inclusive, of defendant's answer. Affirmed.

*L. K. Eaton* and *J. F. Boyles,* for appellant.
*Kingman, Cross, Morley & Cant,* for respondent.

LEES, C.

Appeal from an order sustaining a demurrer to a portion of the answer.

The action was brought under the death statute, section 9657, G. S. 1923. It was prosecuted to recover damages for the benefit of the widow and minor children of the deceased.

The complaint alleged that the defendant negligently drove his automobile against the deceased and inflicted injuries from which he died. The answer admitted all the facts alleged except negligence on the part of the defendant. As a special defense it alleged that, at the time of the injury, the deceased was in the employ of the United States Fidelity & Guaranty Company; that he was in the performance of the duties of his employment; that both he and his employer had elected to be bound by the provisions of Part 2 of the Workmen's Compensation Act; that the employer was insured by the Maryland Casualty Company; that the insurer had made full compensation to the dependents of the deceased for and on account of the employer; that the insurer is the owner of the cause of action alleged in the complaint and the real party in interest and should have brought the action; and that in fact plaintiff is prosecuting it for the sole benefit of the insurer. The ground of the demurrer was that these facts did not constitute a defense.

To determine the questions presented by this appeal, we must construe paragraph 2, § 4291, G. S. 1923. It will be observed that the answer does not allege that the defendant, as well as the employer, was subject to the provisions of the compensation act. In a number of cases we have had occasion to construe and apply the statute where the employer, the employe and a third party were involved, but in all of them the third party, as well as the employer and employe, were subject to the act. Carlson v. M. St. Ry. Co. 143 Minn. 129, 173 N. W. 405; Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726; Podgorski v. Kerwin, 144 Minn. 313, 175 N. W.

694; Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227; Metropolitan Milk Co. v. M. St. Ry. Co. 149 Minn. 181, 183 N. W. 830; Fidelity & C. Co. v. St. Paul G. L. Co. 152 Minn. 197, 188 N. W. 265.

Although these cases are not directly in point, the court, in its discussion of the statute, has made certain statements which throw light on the proper construction thereof. In Fidelity & C. Co. v. St. P. G. L. Co. supra, the late Chief Justice said that the third party provisions of the compensation act do not create a new remedy or supplement the statute giving a remedy against one who causes the death of another by a wrongful act; that this remedy continues unaffected by the compensation act save as it subrogates the employer to the rights of the employe against third persons; that, if fatal injuries are inflicted by a negligent third person, whether he be within or without the act, the dependents of the employe have an option to pursue the wrongdoer or to demand compensation from the employer.

In City of Red Wing v. Eichinger, 163 Minn. 54, 203 N. W. 622, a case where third parties were not subject to the act, the present Chief Justice said:

"The injured employe had a common law action, if the facts warranted it, against defendants [the third parties], under sub. (2), Sec. 4291, G. S. 1923. He also had his claim against his employer under the compensation act. He could pursue both. He claimed and received compensation and under the statute his common law action, at least, in part passed to the employer by virtue of subrogation."

After considering the material portions of Par. 2, § 4291, we come to these conclusions: (1) The right of action under the death statute is not taken away, but may be exercised by the personal representative of a deceased employe for the benefit of his dependents, notwithstanding the fact that the employer can be compelled to make or has made compensation; (2) if such an action is brought and judgment is obtained and collected, or a settlement is made, the net amount received is to be credited upon or deducted from the com-

pensation payable by the employer; (3) if compensation is paid, the employer becomes subrogated to the rights of the employe or his dependents as against the third party and, if the recovery exceeds the compensation paid, the excess belongs to the employe or his dependents after deducting certain expenses mentioned in the statute.

For the purpose of argument only we will assume that, if compensation is paid by the insurer of the employer, the same right of subrogation exists. For an extended discussion of the subject of an insurer's right of subrogation, see Travelers Ins. Co. v. Great Lakes E. W. Co. 184 F. 426, 107 C. C. A. 20, 36 L. R. A. (N. S.) 60.

The statute nowhere provides that either the employer or the insurer shall be à necessary party to an action against a third person whose negligence caused the injury or death of the employe. If the employer makes payment of compensation, or the employe or his dependent, agrees to receive compensation or begins proceedings to recover the same, the employer *may* maintain an action against the third person who inflicted the injury, or, if such an action has been commenced, he *may* continue it and recover damages. It is wholly optional with the employer to sue and, if he does, the action is not exclusively for his benefit, for, if he recovers more than enough to reimburse him, the surplus must be paid to the employe or his dependents, and to that extent they are interested in the action.

Counsel for defendant suggest that, since $7,500 is the maximum amount of a recovery under the death statute and it is alleged in the answer that full compensation has been paid in accordance with the schedule contained in sections 4274, 4275, G. S. 1923, any recovery from defendant will enure to the sole benefit of the insurer. The answer does not allege that the dependents received $7,500 or any other specific sum of money. Full compensation under the act may be less than the amount recoverable under the death statute, hence we cannot adopt the views of counsel in this particular.

One of the questions mooted is whether the plaintiff is the real party in interest. The defendant has a statutory right to have the cause of action against him prosecuted by the real person in interest.

The purpose of the statute, section 9165, G. S. 1923, is to save a defendant against whom a judgment may be obtained from further vexation at the hands of other claimants of the same demand. If a judgment in favor of the plaintiff when satisfied by defendant will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner of the claim, then there is an end of defendant's concern, for, so far as he is interested, the action is being prosecuted in the name of the real party in interest. Elmquist v. Markoe, 45 Minn. 305, 47 N. W. 970; Giselman v. Starr, 106 Cal. 651, 40 Pac. 8. A judgment for plaintiff will be a bar to other suits to enforce defendant's alleged legal liability for the death of plaintiff's intestate and aside from that defendant is not concerned.

Appellant contends that, since the demurrer admits all the allegations of the answer which are well pleaded and it is alleged that the insurer is the real party in interest and plaintiff has no interest whatsoever in the cause of action, it was error not to overrule the demurrer. The allegation in question is clearly in the nature of a conclusion of law and it is well settled that a demurrer admits traversable facts and not conclusions of law. Griggs v. St. Paul, 9 Minn. 231 (246); Esch v. White, 82 Minn. 462, 85 N. W. 238, 718.

Something is said in the briefs about the right of the insurer to compel the plaintiff to account for the amount recovered if plaintiff should be successful. It is unnecessary to consider the point. It cannot arise unless there is a recovery. If it be true that the insurer may share in the proceeds of the judgment provided one is obtained and collected, it does not follow that plaintiff cannot maintain the action or that the insurer is a necessary party thereto.

Order affirmed.