# EWALD BLATTERMAN AND ANOTHER v. CITIES SERVICE OIL COMPANY.[1]

January 27, 1933.

No. 29,233.

*Sexton, Mordaunt, Kennedy & Carroll* and *S. B. Wilson, Jr.* for appellant.

*E. J. Buckman* and *B. D. Grogan*, for respondents.

LORING, JUSTICE.

This was a suit by the Blattermans as copartners to foreclose a mechanic's lien upon property belonging to the defendant. The plaintiffs were subcontractors, and it developed that one partner

[1] Reported in 246 N. W. 532.

had assigned to the other all his interest in the partnership claim for material and services. The trial court made findings and conclusions and order for judgment in favor of the assignee partner. The defendant moved for a new trial after moving for amended findings of fact and conclusions, and the case comes here on an appeal by the defendant from the order denying its motion.

■ Three questions were raised by the defendant as ground for reversal. The first claim made is that the action was not brought by the real parties in interest and must be dismissed on that ground. It appears that after the work was done Oscar Blatterman assigned his interest therein to his brother Ewald, who was his partner. We see no prejudice to the defendant in the joinder of the two plaintiffs. G. S. 1923 (2 Mason, 1927) § 9165, requires that every action shall be brought by the real party in interest. This was a proceeding to foreclose a mechanic's lien and therefore equitable in its nature.

As stated in the case of McGuigan v. Allen, 165 Minn. 390, 395, 206 N. W. 714, 715, the purpose of § 9165 "is to save a defendant against whom a judgment may be obtained from further vexation at the hands of other claimants on the same demand. If a judgment in favor of the plaintiff when satisfied by defendant will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner of the claim, then there is an end of defendant's concern, for, so far as he is interested, the action is being prosecuted in the name of the real party in interest."

The defendant here has lost no protection to which it was entitled under § 9165. We therefore hold that the trial court was correct in finding in favor of the assignee.

■ The next contention made by the defendant is that the court improperly allowed an item of $100 for filling a part of defendant's lot. This item was allowed as an extra, and the defendant claims that it was covered by the general subcontract. This contract was informal and rested largely in parol. We think the evidence justi-

fied a finding that the filling referred to in the general contract did not refer to this particular filling which was done at the rear of the lot, and the court properly allowed it as an extra.

The defendant earnestly argues that the Blattermans knowingly demanded in their lien statement more than was justly due them. The trial court found to the contrary, and we think it was justified in viewing the excess as due to inadvertence and careless bookkeeping rather than to a conscious determination to make an excessive demand.

The order appealed from is affirmed.

WILSON, CHIEF JUSTICE, took no part.