# G. B. BOEK v. WONG HING.[1]

May 29, 1930.

No. 27,921.

*Ell M. Roston,* for appellant.
*Loring & Anderson,* for respondent.

HOLT, J.

The appeal is from a judgment awarding plaintiff damages for defendant's assault and battery.

By his motion for a directed verdict and judgment notwithstanding the verdict defendant raised the question of law that plaintiff's sole remedy for the assault and battery was under the workmen's compensation act, since the relation between the two men was that of employer and employe who were both under the act, and the fracas arose out of the manner in which plaintiff did his work during the hours thereof on or adjacent to the premises where his work was. The jury could find, and evidently did find, that defendant intentionally and maliciously struck at plaintiff with a heavy broom handle and that the blow dislocated two finger joints on the hand which plaintiff held up to protect his head.

[1]Reported in 231 N. W. 233.

Defendant relies on cases where an employe has been assaulted by a fellow employe, a foreman, or an officer of an employer corporation, or by a third party, and the disabilities have been held compensable under workmen's compensation acts. Among such cases are cited our own, State ex rel. Anseth v. District Court, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957; Hinchuk v. Swift & Co. 149 Minn. 1, 182 N. W. 622; Sieger v. Knox & Peterson, 160 Minn. 185, 199 N. W. 573. Of course in each was involved only the right of the employe to compensation from the employer, and not the right of the employe to resort to his common law action for damages against the wrongdoer. No case has been cited where it has been held that one who wilfully assaults and injures a workman while in the course of his employment, be he an employe, employer or a stranger, when sued for the tort, can successfully interpose as a defense that the plaintiff and his employer are under the workmen's compensation act, and his sole remedy is thereunder. And we think none can be found, for it would be a perversion of the purpose of the act so to hold. Defendant cites Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20; Ott v. St. Paul Union Stockyards, 178 Minn. 313, 227 N. W. 47. Neither supports defendant's contention, for the decisions were governed by the provisions of G. S. 1923 (1 Mason, 1927) § 4291(1).

An employe injured in the course of the employment by the tort of a third party who is not under the compensation law has his common law action against the tortfeasor, even though entitled to compensation under the act from the employer. City of Red Wing v. Eichinger, 163 Minn. 54, 203 N. W. 622; Gile v. Yellow Cab Corp. 177 Minn. 579, 225 N. W. 911. An employer who intentionally and maliciously inflicts bodily injuries on his servant should occupy no better position than would a third party not under a compensation act, and should not be heard to say, when sued at law for damages, either that the injury was accidental or that it arose out of the employment. By committing a felonious assault upon a servant the master wilfully severs the relation of master and servant and should be held to have left it to the election of the servant either to con-

sider the relation still existing and seek redress through the compensation act or else to consider the relation terminated and seek redress under the common law. Instead of himself beating up plaintiff, had defendant hired a third party, who was not under any workmen's compensation act, to do so, it would not for a moment be doubted that the third party, when sued for damages at law, could not move for a directed verdict, as was done here, on the ground that plaintiff's sole remedy was under the compensation act. If the mere tool or agent is liable in an action for damages, the principal should be likewise. An employe excludes himself from the benefit of the act when his injuries in the employment are caused by his wilful negligence; G. S. 1923 (1 Mason, 1927) § 4261. As between employer and employe, wilfully and intentionally inflicted bodily injuries should neither be regarded as accidental nor as giving occasion for the application of the compensation act either for recovery or defense.

Plaintiff cites Blake v. Head (1912) 106 L. T. Rep. 822, 5 B. W. C. C. 303, an English case, where it was held that a wilful assault by an employer upon an employe was not an accidental injury. But too great weight should not be given to that ruling where, as here, the interpretations of workmen's compensation acts generally are that even intentional injuries inflicted by a fellow workman, foreman or superintendent under certain circumstances may be compensable, while in England it is otherwise.

Defendant refers to a number of opinions from those administering these acts in other states, to the effect that since intentional assaults by fellow employes and foremen are compensable there is no reason why that of an employer should not be likewise. But in none is it intimated that the employe has not the election to sue the one who actually committed the felonious and intentional assault for damages under the common law, be he fellow employe, foreman, superintendent or employer. Of the cases decided by courts of other states none touches the question here presented. At first blush Perry v. Beverage, 121 Wash. 652, 209 P. 1102, 214 P. 146, might seem to favor defendant, but it does not when the peculiar

provision of the compensation act of that state is considered. There a judgment obtained by the employe against the employer and his foreman in an action for an assault committed by the foreman was reversed as to the employer on the ground that the compensation law gave the only redress; and on rehearing it was reversed as to the foreman also on the ground that under the express provision of the statute of that state the amount the employe is entitled to recover against the third party tortfeasor is the damages in excess of the sum which may be received from the employer under the compensation act, and the proof failed to show the excess.

The judgment is affirmed.