594 P.2d 1202

Margaret H. SANFORD,
Plaintiff-Appellant,

v.

PRESTO MANUFACTURING COMPA-
NY, a Mississippi Corporation,
Defendant-Appellee.

No. 3775.

Court of Appeals of New Mexico.

April 19, 1979.

Sharon Stidley Mitchell, Payne, Mitchell & Wilson, Ruidoso, for plaintiff-appellant.

Carl H. Esbeck, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Plaintiff sought damages from her employer on the basis of injuries allegedly received while at work. Defendant moved to dismiss on the basis that plaintiff's exclusive remedy was under the Workmen's Compensation Act. The motion was granted; plaintiff appeals. The issue is whether plaintiff's complaint, which alleges that the employer committed a battery upon plaintiff, states a basis on which the employer could be held liable to plaintiff, outside of the Workmen's Compensation Act.

*Mountain States Tel. & Tel. Co. v. Montoya,* 91 N.M. 788, 581 P.2d 1283 (1978) reaffirmed the view that, if the Workmen's Compensation Act provided a remedy for an employee's injury, the workmen's compensation law was the exclusive remedy when an employee sought to recover from the employer.

Plaintiff's claim is that the Workmen's Compensation Act does not apply. Section 52–1–9, N.M.S.A.1978 makes the Workmen's Compensation Act the exclusive remedy for an injury caused by accident. Plaintiff claims the alleged battery was an intentional injury and, thus, not an acciden-

tal injury. See 2A Larson, Workmen's Compensation Law, § 68.11 (1976). Plaintiff's theory has been recognized, but on a limited basis. *Boek v. Wong Hing*, 180 Minn. 470, 231 N.W. 233 (1930). Plaintiff's claim does not come within that limited basis.

Plaintiff's complaint alleges: (1) on September 2, 1976 defendant intentionally placed into use "a new oven for baking teflon on small appliances"; (2) the oven was operated "under the authorization of the Defendant"; (3) when in use, the new oven "created" toxic fumes "at a density which was dangerous to human health"; (4) the toxic fumes were easily discernible; (5) defendant, and its agents and employees knew, from September 2, 1976, that use of the oven created toxic fumes; (6) that plaintiff was exposed to the fumes while working for defendant and "did not consent to the offensive or dangerous touching by these toxic fumes"; (7) that due to exposure to the fumes, defendant developed "fume fever" to her damage; and (8) "this battery was intentionally or maliciously committed . . . ."

In essence, plaintiff's claim goes to intended working conditions.

The claim, that defendant's intentional use of the oven amounted to a battery, does not aid plaintiff.

We are not concerned that the alleged battery was not a direct application of force. Prosser, Laws of Torts (4th ed. 1971) pages 34–35 states: "[I]t is no longer important that the contact is not brought about by a direct application of force such as a blow, and it is enough that the defendant sets a force in motion which ultimately produces the result . . . ."

Our concern is with the nature of a battery claim. For there to be a battery, there must be an unpermitted contact. Prosser, supra, page 35. "The gist of the action for battery is not the hostile intent of the defendant, but rather the absence of consent to the contact on the part of the plaintiff." Prosser, supra, page 36. The fact that plaintiff did not consent provides

no support for plaintiff's claim because her claim is based on intentional conduct of the employer. Labeling the employer's conduct as a battery does not aid in determining whether that conduct exposed the employer to liability outside of the Workmen's Compensation Act.

Only certain types of conduct expose the employer to liability outside of the workmen's compensation law. In *Boek v. Wong Hing*, supra, the employer was liable for common-law damages because the employer intentionally and maliciously inflicted injury by striking the employee with a broom handle. In *Bryan v. Utah International*, 533 P.2d 892 (Utah 1975), plaintiff claimed that a co-employee intentionally caused plaintiff to be hit by a cable, that intentional misconduct of this sort had been going on for considerable time and was known by various supervisors of the defendant corporation. These claims were an insufficient basis for holding the employer liable outside of the workmen's compensation law. Because of differences in the alleged facts, neither *Boek v. Wong Hing*, supra, nor *Bryan v. Utah International*, supra, is applicable.

In *Provo v. Bunker Hill Company*, 393 F.Supp. 778 (D.D.C.Idaho 1975), plaintiff was burned when molten zinc burst from an uncovered pot. Seeking to hold the employer liable, outside the workmen's compensation law, plaintiff alleged that the employer had "knowledge of numerous similar occurrences" and the employer's "callous disregard of such risk amounts to an intentional tort" that could not be deemed an accident. Plaintiff supported his claim with records "of numerous injuries" occurring at the smelter "plus affidavits to the effect that exploding lead burns employees at the rate of once or twice a month." *Provo* held that plaintiff had shown no right to relief on the theory that his injury was incurred as the result of an intentional tort.

In *Wilkinson v. Achber*, 101 N.H. 7, 131 A.2d 51 (1957), the claim was that the employer knew or should have known that gas had escaped onto the premises and ordered the decedent to operate certain electrical

equipment when the employer knew or should have known an explosion could result. An explosion did result. The claim that the employer's act was willful, deliberate or culpable did not take the case out of the workmen's compensation law. In so holding, the opinion distinguishes intentional, or deliberately ordered, acts from intentional injuries and suggests that liability of the employer, outside of the workmen's compensation law, is limited to "injuries deliberately inflicted . . . ."

The complaint in *Artonio v. Hirsch*, 3 A.D.2d 939, 163 N.Y.S.2d 489 (1957) alleged the plaintiff was injured as a result of the employer's "willful, reckless and unlawful acts in locking, or tampering with, safety devices on a power press" which plaintiff operated. The complaint was held to allege a claim, based on an accidental injury, under the workmen's compensation law and not to allege a wanton and deliberate act by the employer for which the employee could maintain a common-law action.

Larson, supra, § 68.13 states:

Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury.

\*   \*   \*   \*   \*   \*

Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character.

\*   \*   \*   \*   \*   \*

If these decisions seem rather strict, one must remind oneself that what is being tested here is not the degree of gravity or depravity of the employer's conduct, but rather the narrow issue of intentional versus accidental quality of the precise event producing injury. The intentional removal of a safety device or toleration of a dangerous condition may or may not set the stage for an accidental injury later. But in any normal use of the words, it cannot be said, if such an injury does happen, that this was deliberate infliction of harm comparable to an intentional left jab to the chin.

The conduct of the employer, alleged in the complaint, is that defendant intentionally permitted a hazardous work condition to exist, or that defendant intentionally tolerated a dangerous condition. Injuries suffered by plaintiff as a result of that condition were accidental injuries within the meaning of our workmen's compensation law; they were not intentional injuries of the sort on which a common-law action for damages may be based.

The order dismissing the complaint is affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.