Russell **HILDEBRANDT**, et
al., Plaintiffs,

v.

**WHIRLPOOL CORPORATION**, et
al., Defendants.

No. CX–84–1603.

Supreme Court of Minnesota.

March 15, 1985.

Rehearing Denied April 16, 1985.

John McNulty, Marcy S. Wallace, St.
Paul, Neut L. Strandemo, Patrice K. Suth-
erland, Inver Grove Heights, for plaintiffs.

Michael R. Cunningham, Minneapolis,
Louis A. Lehr Jr., Chicago, Ill., for defend-
ants.

SCOTT, Justice.

The Honorable Harry H. MacLaughlin,
Judge of the United States District Court,
District of Minnesota, certified the follow-
ing question to this court pursuant to Minn.
Stat. § 480.061, subd. 1 (1984):

QUESTION OF LAW CERTIFIED

Whether a complaint by several em-
ployees against their employer, which al-
leges that the employer concealed a
known workplace hazard and thereby
committed assault and battery and fraud
and misrepresentation against the em-
ployees, falls within the intentional tort
exception to the exclusive remedy provi-
sion of the Minnesota Workers' Compen-

sation Act, Minn.Stat. § 176.031, where the complaint does not allege that the employer had a conscious and deliberate intent to injure the employees, but alleges that the employer "engaged in a deliberate and intentional course of conduct, which it could have foreseen would cause physical injury to its workers, including plaintiffs in order to secure financial advantage to itself."

(*Quoting* Amended Complaint, ¶ 22).

Under section 480.061 a "written opinion of the supreme court stating the law governing the questions certified shall be sent by the clerk of the court to the certifying court and to the parties and shall be res judicata as to the parties." Minn.Stat. § 480.061, subd. 7 (1984).

Plaintiffs allege that as employees of defendant Whirlpool Corporation for periods ranging from 5 to 32 years, they were exposed to fumes or vapors of toluene diisocyanate (TDI), a chemical used to create polyurethane foam insulation for refrigeration units. They allege permanent injury to lungs and respiratory systems and other parts of the body, and state that they have experienced shortness of breath, severe coughing and wheezing and other physical traumas. They further allege that warnings as to TDI were nonexistent or inadequate, and that Whirlpool was aware of both the hazardous and toxic nature of TDI and the dangerous and defective condition of the foaming equipment.

The complaint continues that Whirlpool, aware of the hazardous nature of TDI, specifically and intentionally misrepresented the hazards of TDI to the plaintiffs and repeatedly assured plaintiffs that TDI was safe. A Whirlpool hygienist told plaintiffs that exposure to TDI was only toxic in large quantities and that exposure to smaller amounts was not dangerous. Whirlpool's management and supervisory personnel told plaintiffs that TDI would not harm them, and that a breath of fresh air would alleviate any breathing difficulties they might be experiencing. They claim that the company doctor informed the employees that TDI was harmless; that they,

upon Whirlpool's misrepresentations and false assurances, increased their exposure to TDI. They claim that Whirlpool threatened to terminate the employment of plaintiffs who refused to work with TDI and failed to provide proper safety equipment for the workers.

In sum, employees allege that Whirlpool engaged in "a deliberate and intentional course of conduct which it could have foreseen would cause physical injury to its workers, in order to secure financial advantage to itself."

Plaintiff employees seek to avoid the workers' compensation statute and bring this common-law action against their employer. The pertinent provision of the workers' compensation statute provides:

> The liability of an employer prescribed by this chapter is exclusive and in the place of any other liability to such employee, his personal representative, surviving spouse, parent, any child, dependent, next of kin, or other person entitled to recover damages on account of such injury or death.

Minn.Stat. § 176.031 (1984).

Plaintiffs argue that their allegations fall squarely within the intentional tort exception to section 176.031 carved out in Minnesota case law. In *Boek v. Wong Hing*, 180 Minn. 470, 231 N.W. 233 (1930), this court held that an employer who intentionally and maliciously assaulted an employee, while engaged in employment, could be sued at common law despite the availability of workers' compensation. In that case, the altercation between the employer and employee arose out of the employee's employment. The employer struck the employee with a broom handle. This court held that this fracas severed the master/servant relationship. This court stated that "[a]s between employer and employe, wilfully and intentionally inflicted bodily injuries should neither be regarded as accidental nor as giving occasion for the application of the compensation act either for recovery or defense." *Id.* at 472, 231 N.W. at 234.

■ *Breimhorst v. Beckman*, 227 Minn. 409, 35 N.W.2d 719 (1949), is the only other Minnesota case to discuss the intent exception to the exclusivity provision. *Breimhorst* defined the state of mind necessary to take an action outside the workers' compensation statute. The plaintiff-employee in that case was injured when she accidentally triggered a spring gun concealed in the workplace. Although there was no evidence that her employer knew of the existence of the gun, the plaintiff claimed the employer was grossly negligent in not knowing, and that the employer's conduct toward her was actionable under *Boek*. This court said that while the employer might have been negligent in not discovering the gun, such negligence was not a "malicious or deliberate intent" sufficient to remove it from the workers' compensation statute:

> The element of "malicious or deliberate intent" required on the part of an employer with respect to an assault on his employe, in order to give the injured employe the right or option of either suing for damages at common law or proceeding under the Workmen's Compensation Act, *is a conscious and deliberate intent directed to the purpose of inflicting an injury,* and such intent may not be inferred from mere negligence, though it be gross. * * * We need not here decide whether carelessness, indifference, and negligence of an employer may be so wanton as to warrant a judicial determination that his ulterior intent was to inflict injury. In any event, proof of wanton negligence to sustain such a determination would have to be unquestionably clear and forceful in a high degree.

227 Minn. at 426, 35 N.W.2d at 730 (emphasis in original). Therefore, *Breimhorst* requires a "conscious and deliberate" intent to inflict injury.

The narrow question before this court is whether, by alleging that an employer engaged in actions leading to physical injury, motivated not by animosity but by its own financial advantage, plaintiffs can demonstrate sufficient intent to take the action outside the exclusivity statute. Plaintiffs admit that the employer's actions in this case could not be classified as a deliberate or malicious intent to injure. What they argue, however, is that such intent is not, or should not be, necessary; that it should be sufficient that the employer acts with substantial certainty that harm will result, whether the intended result was harm or monetary gain. Therefore, they claim, because the actions or non-actions of Whirlpool are of a character substantially certain to cause injury to the employees, they should be able to bring this action against Whirlpool at common law. The defendant sees the exception as very narrow. It argues that to embrace plaintiffs' definition of intent is to expand the exclusivity exception in derogation of the policies of the workers' compensation law. Further, that the degree of intent sufficient to permit a common law action under *Boek* and *Breimhorst* is not present in this case. The defendant argues that to decide otherwise would place the Workers' Compensation Act in complete disarray.

Larson, in his workers' compensation treatise, states:

> Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot, under the almost unanimous rule, be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence * * * short of genuine intentional injury.

A. Larson, 2A The Law of Workmen's Compensation, § 68.13 at 13-8—13-9 (1983). Restated, in order to be other than accidental and therefore compensable under common law, an injury must be caused by an actual intent to injure.

Jurisdictions have split on the issue of what intent is required to take an action out of the purview of the workers' compen-

sation statutes, with the majority of jurisdictions holding that the intentional tort exception requires actual, specific, and deliberate intent to injure the employee.[1] Nevertheless, some jurisdictions do allow an action if the employee alleges the employer acted with substantial certainty that injury would occur.[2]

The statute cited above states that the employer's liability under the Minnesota workers' compensation act is "exclusive and in the place of any other liability to such employee." Minn.Stat. § 176.031 (1984). The Act also states that:

It is the specific intent of the legislature that workers' compensation cases shall be decided on their merits and that the common law rule of "liberal construction" based on the supposed "remedial" basis of workers' compensation legislation shall not apply in such cases. The workers' compensation system in Minnesota is based on a mutual renunciation of common law rights and defenses by employers and employees alike. * * * Accordingly, the legislature hereby declares that the workers' compensation laws are not remedial in any sense and are not to be given a broad liberal construction in favor of the claimant or employee on the one hand, nor are the rights and interests of the employer to be favored over those of the employee on the other hand.

Minn.Stat. § 176.001 (1984).

■ The exception we made in the *Boek* case was, according to the expression by Larson, a "genuine intentional injury." In our interpretation in *Breimhorst* we characterized the exception as a "conscious and deliberate" intent to inflict injury. In the certified question, Judge McLaughlin states that "the complaint does not allege that the employer had a conscious and deliberate intent to injure the employees * * *." Therefore, based upon the question submitted and our charge under the law, the case presented to us does not meet the narrow exception we carved out in *Boek* and continue to follow, wherein the injury inflicted "wilfully severs the relationship of master and servant," nor does it meet any other suggested considerations as elaborated in *Breimhorst.*

The certified question is answered in the negative. The matter presented does not fall within the intentional tort exception to the exclusive remedy provision of the Minnesota Workers' Compensation Act, Minn. Stat. § 176.031.

---

**1.** *See, e.g., Houston v. Bechtel Associates Professional Corp.,* 522 F.Supp. 1094, 1096–97 (D.D.C. 1981) (employee alleging willful, wanton and reckless exposure to silica dust could not maintain common law action); *Blade v. Anaconda Aluminum Co., Inc.,* 452 N.E.2d 1036 (Ind.App. 1983) (complaint alleging even gross or wanton negligence short of actual intent insufficient); *McCoy v. Liberty Foundry Co.,* 635 S.W.2d 60 (Mo.App.1982) (because employer did not act with the "fiendish" purpose of infecting and eventually disabling plaintiff with silicosis, an action at common law could not be maintained even though the injury was the natural or strongly probable consequence of employer's actions); *Great Western Sugar Co. v. District Court,* 610 P.2d 717 (Mont.1980) (negligence, however willful or wanton, not sufficient); *Kittell v. Vermont Weatherboard, Inc.,* 138 Vt. 439, 417 A.2d 926 (1980) (saw injury due to employer's willful or wanton act not sufficient intent); *Higley v. Weyerhaeuser Co.,* 13 Wash.App. 269, 534 P.2d 596 (1975) (because complaint failed to allege employer had specific intent to injure, no common law action).

**2.** *See Neal v. Carey Canadian Mines, Ltd.,* 548 F.Supp. 357 (E.D.Pa.1982) (because employer knew of risk of exposure to asbestos and failed to notify employees, this constituted sufficient intention); *Johns-Manville Products Corp. v. Contra Costa Superior Court,* 27 Cal.3d 465, 165 Cal.Rptr. 858, 612 P.2d 948 (1980) (cause of action stated for aggravation of asbestos-related condition because of employer's fraudulent concealment of employee's condition and its cause from asbestos); *Handley v. Unarco Industries, Inc.,* 124 Ill.App.3d 56, 79 Ill.Dec. 457, 467, 463 N.E.2d 1011, 1021 (4 Dist.1984) (multicount complaint alleging intentional torts against employer whose business included use of asbestos was not barred by exclusive remedy provisions of Workers' Occupational Diseases Act); *Mandolidis v. Elkins Industries, Inc.,* 161 W.Va. 695, 246 S.E.2d 907 (1978) (employees brought action under common law for various injuries; the court held that willful, wanton and reckless misconduct was not negligence and employees could maintain action, although new statute sharply curtails this holding).