Agatha KAESS, as trustee for the heirs of Arthur Kaess, Respondent,

v.

ARMSTRONG CORK COMPANY, et al., Defendants,

MacArthur Company, Appellant.

No. CX–86–410.

Supreme Court of Minnesota.

April 10, 1987.

John H. Faricy, Jr., Minneapolis, for appellant.

Richard A. LaVerdiere, Hastings, for respondent.

WAHL, Justice.

The heirs of Arthur Kaess brought a wrongful death action against manufacturers and sellers of asbestos-containing insulation, including Kaess' employer, MacArthur Company. MacArthur moved for partial dismissal for failure to state a cause of action, or for partial summary judgment, citing the workers compensation exclusive remedy provision, Minn.Stat. § 176.031 (1984). The Dakota County District Court denied the motion and, pursuant to Minn.R. Civ.App.P. 103.03(h),[1] certified to the court of appeals a question concerning whether Minn.Stat. § 176.031 is a bar to the employee's maintaining a strict products liability action against the employer where the employer is also a manufacturer or distributor of the product causing the injury. The court of appeals sought, and we granted, certification to this court pursuant to Minn. R.Civ.App.P. 118, subd. 3 and Minn.Stat. § 480A.10, subd. 2(b) (1986). We answer the question in the affirmative and reverse.

Briefly, the stipulated facts are these: From 1950 to 1982, Kaess worked as an employee of the MacArthur Company, an insulation contractor and distributor and a manufacturer of insulation products. Dur-

---

1. Rule 103.03(h), Minn.R.Civ.App.P., provides: An appeal may be taken to the Court of Appeals:

  \*   \*   \*   \*   \*   \*

(h) if the trial court certifies that the question presented is important and doubtful, from an order which denies a motion to dismiss for failure to state a claim upon which relief can be granted or from an order which denies a motion for summary judgment.

ing all the years of Kaess' employment, MacArthur distributed Johns-Manville insulation products, and in the 1950's and 1960's it also manufactured its own insulation products, which it used in its contracting operations and sold to other insulation contractors and competitors. The insulation products MacArthur manufactured contained asbestos fibers.

MacArthur's manufacturing and distributing operation employed about five people in manufacturing and 15 to 20 in the warehouse and office. The contracting operation employed about 35 people. The contracting/installing employees were in a different union from the manufacturing and distributing employees.

Kaess worked in the contracting operation, where insulation products from MacArthur, Johns-Manville and other manufacturers were used. Many of the insulation materials contained asbestos until the use of asbestos was prohibited by statute in 1973. Kaess' job during the first years of his employment was to install insulation materials and later, as field superintendent, to supervise installation of those materials. Because of the nature of the work, he breathed a substantial quantity of dust from the insulation. He developed lung cancer from his exposure to asbestos and from cigarette smoking, and in 1984 he died from the cancer. Workers compensation benefits paid to Kaess before his death and to his widow after his death totaled $201,500.

This appeal requires us to examine the employer's liability exclusivity provision of the workers compensation act. Minnesota Statutes § 176.031, provides, "The liability of an employer prescribed by this chapter is exclusive and in the place of any other liability to such employee * * * or any other person entitled to recover damages on account of such injury or death." We have recognized as an exception to the exclusivity provision the intentional tort exception. *Boek v. Wong Hing,* 180 Minn. 470, 231 N.W. 233 (1930); *see also Kaluza v. Home Ins. Co.,* 403 N.W.2d 230 (Minn. 1987). In *Boek* we held that an employer who intentionally and maliciously assaulted and beat an employee engaged in the employment, inflicting disabling injuries, could be sued at common law and could not interpose the defense that the workmen's compensation act provided the employee's sole remedy.

Through the years we have upheld the legislative mandate of the exclusive remedy provision by maintaining the narrowness of the intentional tort exception. In *Breimhorst v. Beckman,* 227 Minn. 409, 35 N.W.2d 719 (1949), the plaintiff-employee was injured when she accidentally triggered a spring gun concealed in the workplace. We reiterated the exclusivity of the workmen's compensation act insofar as it provided any compensation to an employee for accidental or other injuries suffered by the employee. *Id.* at 429, 35 N.W.2d at 732. We found that the *"conscious and deliberate intent directed to the purpose of inflicting an injury"* could not be inferred from mere negligence, even though that negligence might be gross. *Id.* at 426, 35 N.W.2d at 730 (emphasis in original).

We did not find it necessary in *Breimhorst* to decide "whether carelessness, indifference, and negligence of an employer may be so wanton as to warrant a judicial determination that his ulterior intent was to inflict injury." *Id.* An inquiry of that nature arose in *Hildebrandt v. Whirlpool Corp.,* 364 N.W.2d 394 (Minn.1985). In *Hildebrandt,* a case remarkably similar to this case on its facts, the plaintiffs alleged that while employed by defendant Whirlpool for periods ranging from 5 to 30 years, they were exposed to fumes or vapors of the chemical toluene diisocyanate (TDI) used to create the foam insulation for refrigeration units, and thereby suffered permanent injury to their bodies. The plaintiffs did not allege that the employer had a conscious and deliberate intent to injure the employees, but rather alleged that the employer engaged in "a deliberate and intentional course of conduct which it could have foreseen would cause physical injury to its workers * * * in order to secure financial advantage to itself." *Id.* at 395. Analyzing our decisions in *Boek* and *Breimhorst,* we concluded that the case did not present the "conscious and

deliberate" intent to inflict injury which would bring it within the intentional tort exception to the exclusive remedy provision of Minn.Stat. § 176.031. *Id.* at 397.

We find the case before us to be the same kind of occupational injury case as was *Hildebrandt.* Kaess was working for MacArthur in the course of his employment when he was exposed to the asbestos dust that was a contributing cause of his cancer. He and his widow received workers compensation benefits. Under Minn.Stat. § 176.031, his heirs have no cause of action against the employer MacArthur.

Kaess' heirs have come forward, however, with a theory which would provide, in effect, another exception to the exclusive remedy provision, an exception which would not require a "conscious and deliberate" intent to injure. They argue that MacArthur was acting as manufacturer and distributor of the product that harmed Kaess, that Kaess' employment was only incidental to the injury, and that under the "dual capacity" doctrine a suit at common law may be brought against MacArthur. It is true that the workers compensation statute does permit a suit against a non-employer third party, Minn.Stat. § 176.061 (1984), and that manufacturers and distributors of unreasonably dangerous products may be sued for strict products liability, *Farr v. Armstrong Rubber Co.*, 288 Minn. 83, 90–91, 179 N.W.2d 64, 69 (1970); Restatement (Second) of Torts § 402A (1965). But what is the "dual capacity" doctrine and does it supply an adequate basis for the present suit?

The "dual capacity" doctrine is described in an earlier edition of Larson's well-respected treatise on workers compensation as follows:

> [A]n employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations

independent of those imposed on him as employer.

2A A. Larson, *The Law of Workmen's Compensation* § 72.80 (1976 & Cum.Supp. 1980), quoted in Note, *Workers' Compensation: The Dual-Capacity Doctrine*, 6 Wm. Mitchell L.Rev. 813, 814 (1980). More recently, though, Larson has abandoned the "dual capacity" doctrine, explaining that it has been overextended and misapplied and that because of the many possible different relationships of an employer-landowner, product manufacturer, installer, modifier, doctor, insurer, etc.—the "dual capacity" doctrine would go far toward abolishing the exclusive remedy principle. 2A A. Larson, *The Law of Workmen's Compensation* § 72.81, at 14–230 (1983). In Larson's view the "dual capacity" doctrine is particularly unjustifiable in products liability cases because the employer's obligation to provide a safe workplace and a manufacturer's duty to provide a safe product are closely related.[2] *Id.* § 72.83, at 14–245. In the case before us, MacArthur's obligation as employer to provide a safe working environment and its obligation as manufacturer and distributor to produce safe materials are closely intertwined, and so the obligations imposed on MacArthur as manufacturer and distributor are not independent of those imposed on MacArthur as employer. Thus even if the "dual capacity" doctrine were to be recognized in Minnesota, it would not in this case permit a suit against MacArthur.

In place of the "dual capacity" doctrine, Larson has substituted the "dual persona" doctrine.

> An employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.

2A A. Larson, *supra,* § 72.81, at 14–229. There is no claim in this case that MacArthur's manufacturing and distributing op-

---

**2.** Larson points out that the great majority of American jurisdictions hold that an employer, who is also the manufacturer, modifier, installer or distributor of a product used in the work, cannot be held liable in damages to its own employee on a theory of products liability. 2A A. Larson, *supra,* § 72.83 and cases cited therein.

erations were a separate legal entity from the contracting operation which employed Kaess. The "dual persona" doctrine would thus be inapplicable.

We therefore answer the certified question in the affirmative, holding that Minn. Stat. § 176.031 bars a products liability suit by an employee against the employer under the facts and circumstances of this case. We reverse the decision of the trial court.

Certified question answered in the affirmative.

Reversed.