**Walter A. EGELAND, et al, Appellants,**

v.

**STATE of Minnesota, and Keith Arthur Olsen, Respondents.**

No. C8–86–1586.

Supreme Court of Minnesota.

July 10, 1987.

Harry Sieben, Jr., Minneapolis, for appellants.

John D. Kelly & J. Kent Richards, Duluth, for respondents.

AMDAHL, Chief Justice.

This appeal comes to us from a judgment of the Lake County District Court dismissing appellants Walter and Lilia Egeland's personal injury suit against respondents State of Minnesota and its employee Keith Arthur Olsen. The district court dismissed the Egelands' suit on the ground that Walter Egeland was, as a matter of law, a state employee, and thus the exclusive remedy provision of the Workers' Compensation Act, Minn.Stat. § 176.031 (1986), prohibits the Egelands from suing the state in tort. The Egelands filed a notice of appeal with Court of Appeals raising three issues: (1) whether it was proper for the district court to rule as a matter of law that Walter Egeland was a state employee; (2) whether the "dual capacity" doctrine should be adopted as a common law exception to the exclusive remedy provision of the Workers' Compensation Act; and (3) whether application of the exclusive remedy provision unconstitutionally denies Walter Egeland equal protection of the law. The Court of Appeals certified the matter to this court pursuant to Minn.R.Civ.App.P. 118, subd. 3, and Minn.Stat. § 480A.10, subd. 2(b)(i) (1986). We accepted jurisdiction and now affirm the decision of the district court.

Walter Egeland was injured on December 20, 1983, when the car he was driving collided with a Minnesota Department of Transportation snow plow being driven by Keith Olsen. At the time of the accident, Egeland was the county court judge for Lake and Cook Counties, Minnesota. The accident occurred outside of Two Harbors, Minnesota, where Egeland was returning after holding traffic court in Silver Bay, Minnesota. Accompanying Egeland in his car, and also injured in the accident, was Roberta Brandt, assistant court administrator for Lake County.

In June 1986, Walter and Lilia Egeland commenced suit against the state and Olsen seeking damages for injuries suffered

by Egeland in the accident. The Egelands' complaint alleged that the accident was the result of Olsen's negligence, and that the state, as the employer of Olsen, was vicariously liable. In July 1986, respondents filed a motion for summary judgment dismissal of the Egelands' suit, alleging that various provisions of the Workers' Compensation Act bar the Egelands' claims.

In August of 1986, the district court granted the respondents' motion for summary judgment dismissal of the Egelands' suit. The court found that, as a matter of law, Egeland was a state employee; that the exclusive remedy provision of the Workers' Compensation Act dictates that Walter Egeland could not sue the state in tort, his rights being limited to recovery of workers' compensation benefits; that, under the facts, the Workers' Compensation Act bars Walter Egeland's suit against Keith Olsen; and that Lilia Egeland's claim for loss of consortium is barred by the Act as against both the state and Olsen. The court also declined to adopt the "dual-capacity" doctrine as a common law exception to the exclusive remedy provision of the Minnesota Workers' Compensation Act. The Egelands appealed the summary judgment dismissal of their suit to the Court of Appeals, and that court certified the matter to this court. In January, 1987, we accepted jurisdiction over the matter.[1]

## I

The district court determined that, as a matter of law, Walter Egeland was an employee of the state, not the county, for purposes of the Workers' Compensation Act. We affirm.

■ At the time of the accident, Walter Egeland was, and had been since 1953, the county court judge for Lake and Cook Counties, Minnesota. No factual dispute exists concerning the circumstances surrounding Judge Egeland's employment; thus, the question of whether he was a state or county employee is a question of law and summary judgment was a proper means of resolving this issue. *See Darvell v. Paul A. Laurence Co.*, 239 Minn. 55, 59, 57 N.W.2d 831, 834 (1953).

The factors to be considered in determining whether an employment relationship exists are well settled. *See, e.g., Olsen v. Kling*, 363 N.W.2d 310, 312–13 (Minn.1985). Upon our review of the circumstances surrounding Judge Egeland's employment, in light of these factors, we agree with the district court that Judge Egeland was, as a matter of law, a state employee.

■ First, county courts, and thus county court judges, operate within the confines of chapter 487 of the Minnesota Statutes and, in matters of procedure, they are governed by state-wide rules of procedure. Second, Judge Egeland was paid by the state. Prior to 1977, the salary and travelling expenses of county court judges were paid by the county, *see* Minn.Stat. § 487.02, subd. 1 (1976); however, in 1977, section 487.02 was changed to make the state responsible for these expenses. Third, although Judge Egeland's courtroom, quarters, supplies, equipment, and court personnel were supplied by the county and funded by taxes levied against taxable property in the county, the county was required to do these acts by statutory directive. *See* Minn.Stat. §§ 487.01, subd. 2 and 487.02, subd. 2 (1986). Finally, Judge Egeland was required to adhere to the state-wide code of judicial conduct and he was subject to the jurisdiction of the Board of Judicial Standards. *See* Rule 2 of the Rules of Board

1. Roberta Brandt and her husband also brought suit seeking damages for injuries suffered by Brandt; the Brandts' suit named as defendants the state and Walter Egeland. Prior to the dismissal of the Egelands' suit, the district court had consolidated for trial the Egelands' and the Brandts' suits.

After accepting jurisdiction over the Egelands' appeal, we learned that the Brandts' suit had proceeded to trial; that Walter Egeland was represented by counsel throughout the Brandts' trial; and that the jury returned a verdict assigning 100% of the fault for the accident to Egeland and finding that Egeland's negligence caused the accident.

on Judicial Standards. Of the traditional factors, the only one weighing in favor of a finding that Judge Egeland was a county employee is that the county controlled the premises where Judge Egeland worked. We are hardly convinced that this single factor leads to a conclusion that Judge Egeland was a county employee. The circumstances of Judge Egeland's employment being undisputed, upon our review of the facts we find that, as a matter of law, Judge Egeland was a state employee.

## II

Because Judge Egeland was a state employee injured in the course of his employment, the state is liable for, but only for, paying workers' compensation benefits to Egeland.[2] Minn.Stat. §§ 176.021 and 176.031 (1986). The state's liability is limited to paying workers' compensation benefits by section 176.031, the exclusive remedy provision of the Workers' Compensation Act, which provides in pertinent part, that "[t]he liability of an employer prescribed by this chapter is exclusive and in the place of any other liability to such employee * * * or other person entitled to recover damages on account of such injury or death." The Egelands seek to avoid the effect of section 176.031 by arguing for adoption of the "dual capacity" doctrine as an exception to section 176.031. The district court declined to adopt the "dual capacity" doctrine, and, under the facts of this case, we also refuse to recognize the "dual capacity" doctrine as an exception to section 176.031.

■ In our recent decision in *Kaess v. Armstrong Cork Co.*, 403 N.W.2d 643 (Minn.1987), a products liability case, we discussed the generally discredited "dual capacity" doctrine and the modern "dual persona" doctrine. *Id.* at 645. We held in that case that even if the "dual capacity" doctrine were to be recognized in Minnesota, it would not permit suit against the

employer, and that the plaintiff had made no claim that the "dual persona" doctrine was applicable.

With respect to the "dual capacity" doctrine, Judge Egeland was injured in an accident involving another state employee; in cases involving government employees, whether local, state, or federal, the "dual capacity" doctrine has been rejected by virtually every court which has addressed the issue. *See* 2A A. Larson, *The Law of Workmen's Compensation,* § 72.85(b)—(d), at 14–255—14–258 (1986 & Cum.Supp.). For example, in rejecting the doctrine in a case involving an attempted suit against the state by an injured state employee, the Alaska Supreme Court stated:

> Whatever frail vitality the dual capacity doctrine has in other jurisdictions, we do not think that it warrants adoption here. To do so might undermine extensively the policy sought to be achieved by the workmen's compensation act. There are endlessly imaginable situations in which an employer might owe duties to the general public, or to non-employees, the breach of which would be asserted to avoid the exclusive liability provision of our statute. It would be an enormous, and perhaps illusory, task to draw a principled line of distinction between those situations in which the employee could sue and those in which he could not. The exclusive liability provision would, in any event, lose much of its effectiveness, and the workmen's compensation system as a whole might be destabilized. For these reasons, and because of the persuasiveness of case law from other jurisdictions rejecting it, we reject the dual capacity doctrine as the law of this state.

*State v. Purdy*, 601 P.2d 258, 260 (Alaska 1979) (footnote omitted).

■ For the reason so well stated in *Purdy*, we decline to adopt the "dual capacity" doctrine in this case. Also, since there is no claim that the Minnesota Department

---

2. In fact, as of July 21, 1986, the state had paid almost $200,000 in workers' compensation bene-

fits on behalf of and to Judge Egeland.

of Transportation and the state court system are separate legal entities, the "dual persona" doctrine, even if we were to adopt it, would not be applicable.

### III

The final issue raised is whether application of section 176.031 unconstitutionally denies Judge Egeland equal protection of the law. The Egelands failed to raise or litigate this issue before the district court; thus, their argument will not be considered for the first time on appeal. *See St. Paul Citizens for Human Rights v. City Council,* 289 N.W.2d 402, 407 (Minn.1979).

Affirmed.