Ileine DeVRIES, Trustee for heirs and next of kin of Rusty J. DeVries, Decedent, Appellant,

v.

Donald EMBLOM, Emblom Brothers Construction Company, Inc., Respondents.

No. C9–87–2076.

Court of Appeals of Minnesota.

March 15, 1988.
Review Denied April 28, 1988.

Wilbur W. Fluegel, James Carey, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for Ileine DeVries.

James L. Haigh, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for Donald Emblom.

Robert H. Peahl, Peahl & Day, Minneapolis, for Emblom Bros. Const. Co., Inc.

Heard, considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

Appellant, as trustee for decedent's heirs, brought this wrongful death action against decedent's employer, respondent Emblom Brothers Construction Company ("Emblom Brothers"), and another employee, respondent Donald Emblom ("Emblom"). Decedent was electrocuted while working on power lines.

The trial court granted Emblom Brothers summary judgment on the ground that the workers' compensation statute was appellant's exclusive remedy. Judgment for Emblom Brothers was entered under Minn. R.Civ.P. 54.02. We affirm.

## FACTS

On July 17, 1984, the decedent, Rusty DeVries, was working as part of a four-person wiring crew that was switching customers from old power lines to adjacent new lines. The workers were cutting the old line and connecting the new line to perpendicular "tap" lines, each of which provides electricity to several farms. To lessen the time of power loss, both the old and new lines were left energized while the work was being done.

The decedent and a co-worker were working on one section of the lines while the other two men worked on another section. Emblom, the crew's foreman, was driving back and forth between the two groups, supervising them.

When the decedent and his co-worker finished working at a place west of the other two workers, they asked Emblom what to do next. Emblom drove with them to a place down the line east of the others, and he instructed them to cut the old line.

When the old line was cut, it became de-energized from that point back west. As Emblom drove back to supervise the other group, he saw the decedent coiling the cut wire that had fallen to the ground. Emblom testified at his deposition:

[A]s I drove by I thought I should tell him to leave that lay until we're done,

but it's dead, it's not energized, it won't hurt.

When Emblom reached the other group, one of the workers asked him whether they could energize the tap they were working on. Emblom said yes, so the worker connected the tap to the new line. The tap, however, had not yet been disconnected from the old line. When the tap was energized, therefore, it energized the old line that the decedent was coiling to the east, killing him.

Appellant's complaint charges Emblom with "gross negligence and recklessness" and asserts Emblom Brothers is liable under respondeat superior. Appellant made clear in an interrogatory answer that she was not alleging Emblom acted with intent to injure.

The trial court granted Emblom Brothers summary judgment. It held that since appellant does not allege a "conscious and deliberate intent to injure" the decedent, worker's compensation is the exclusive remedy against the employer under *Hildebrandt v. Whirlpool Corp.*, 364 N.W.2d 394 (Minn.1985).

## ISSUE

Does the workers' compensation act provide appellant's exclusive remedy against Emblom Brothers?

## ANALYSIS

The worker's compensation statute ordinarily provides an employee's exclusive remedy against an employer. Minn.Stat. § 176.031 (1986). The Minnesota Supreme Court has carved out an "intentional tort" exception to this statute, which allows an employee to sue an employer for damages where there is a "conscious and deliberate" intent to injure. *Kaess v. Armstrong Cork Co.*, 403 N.W.2d 643, 644–45 (Minn.1987). The exception was created on the theory that an

employer who intentionally and maliciously inflicts bodily injuries on his servant should occupy no better position than would a third party not under a compensation act * * *. By committing a felonious assault * * * the master willfully

severs the relation of master and servant * * *.

*Boek v. Wong Hing*, 180 Minn. 470, 471, 231 N.W. 233, 234 (1930).

The supreme court discussed the exception's intent requirement at length in *Hildebrandt v. Whirlpool Corp.*, 364 N.W.2d 394 (Minn.1985). There, employees of Whirlpool alleged the company deliberately misrepresented the hazards of a toxic chemical they worked with, repeatedly assuring them it was safe. The employees further alleged that Whirlpool could have foreseen the chemical would cause them the permanent physical injuries they suffered.

The issue before the supreme court was whether the intentional tort exception applied even though the employees did not allege that Whirlpool actually intended to injure them. The employees argued they need not allege actual, malicious intent to injure, but that it was sufficient to allege the employer acted "with substantial certainty that harm will result, whether the intended result was harm or monetary gain." *Id.* at 396.

The supreme court rejected the employees' contention, holding that their claims did not fall within the exception because they had not alleged a "conscious and deliberate intent to inflict injury." *Id.* at 397. It quoted with approval the following:

Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot, under the almost unanimous rule, be stretched to include accidental injuries *caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence * * * short of genuine intentional injury.*

*Id.* at 396 (quoting A. Larson, 2A *The Law of Workmen's Compensation* § 68.13, at 13–8—13–9 (1983)) (emphasis added).

The trial court correctly found that *Hildebrandt* controls here. Appellant does not allege Emblom acted with an intent to injure, but alleges he acted with "gross

negligence and recklessness." Despite the clear holding of *Hildebrandt*, however, appellant claims the intentional tort exception applies, for several reasons.

First, appellant claims the exception has been "extended from acts that were purely intentional, to acts involving 'wanton negligence.'" She cites *Breimhorst v. Beckman*, 227 Minn. 409, 35 N.W.2d 719 (1949), but that case actually says:

> We need not here decide whether carelessness, indifference, and negligence of an employer may be so wanton as to warrant a judicial determination that his ulterior intent was to inflict injury.

227 Minn. at 426, 35 N.W.2d at 730. Furthermore, *Hildebrandt* in effect refused to extend the exception so as to include such conduct. *See Kaess*, 403 N.W.2d at 644 (stating that *Hildebrandt* considered whether the exception should be extended under the language quoted above from *Breimhorst*).

Second, appellant argues that the exception should apply here because there was an "intentional disregard of safety standards." Appellant relies on a Louisiana case, *Cupp v. Federated Rural Electric Insurance Co.*, 459 So.2d 1337 (La.Ct. App.1984). Appellant does not cite any "safety standards" violated. Even if the record showed an intentional violation of a safety standard, under *Hildebrandt* this would not be enough.

Third, appellant argues we should adopt a "substantial certainty" test, under which sufficient intent exists if the actor knows the injury is substantially certain to result from his act. This test was rejected in *Hildebrandt*. *See, e.g.*, 364 N.W.2d at 397.

Finally, appellant argues that "vicarious liability is a further basis for a claim against the employer." The doctrine of vicarious liability is not a means of avoiding the intent requirement of the intentional tort exception. *See Parker v. Tharp*, 409 N.W.2d 915, 918 (Minn.Ct.App.1987).

Since there is no genuine issue of material fact and Emblom Brothers is entitled to judgment as a matter of law, the trial court properly granted it summary judgment.

**DECISION**

Affirmed.