**Diane YTUARTE, as Trustee for the Heirs of Albert Ytuarte, Deceased, Appellant,**

v.

**GRUNER + JAHR PRINTING AND PUBLISHING CO., a Delaware partnership and its partners, individually and collectively; BGJ Enterprises Inc., a Delaware corporation, f/k/a Gruner + Jahr USA, Inc.; Gruner + Jahr USA Group, Inc., a Delaware corporation; Asset Beteiligungsgesellschaft mbH & Co., a limited partnership under the laws of the Federal Republic of Germany; Gerd Schulte–Hillen; and Mark Woessner, Appellees.**

No. 90–5522.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1991.

Decided June 12, 1991.

Patrick W. Parmater, Minnetonka, Minn., for appellant.

Marcus Marten Baukol, St. Louis Park, Minn., for appellees.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and DUMBAULD,* District Judge.

BOWMAN, Circuit Judge.

Diane Ytuarte appeals from the order of

---

* The Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

the District Court[1] granting the defendants' motion for summary judgment. We affirm in part and reverse in part.

On January 23, 1988, a section of the roof of a building at the Brown Printing Company facility in Waseca, Minnesota collapsed, killing Albert Ytuarte, a Brown employee. Brown is a division of defendant Gruner + Jahr Printing & Publishing Company ("Gruner + Jahr"), a partnership made up of five individual partners: defendant BGJ Enterprises (formerly known as Gruner + Jahr USA, Inc.) ("BGJ"); defendant Gruner + Jahr USA Group, Inc. ("Group"); defendant Asset Beteiligungsgesellschaft mbH & Co. ("Asset"); defendant Gerd Schulte–Hillen; and defendant Mark Woessner. The building whose roof collapsed is owned by Gruner + Jahr. The plaintiff, Diane Ytuarte, as trustee for the heirs of Albert Ytuarte, has received workers' compensation benefits as a result of his death. She brought this wrongful death lawsuit against Gruner + Jahr and the individual partners. Ruling on the defendants' motion for summary judgment, the District Court held that Gruner + Jahr is exempt from liability under Minnesota's Workers' Compensation Act. As to the individual partners, the District Court held that while under Minnesota law the individual partners are not exempt from liability, to exercise personal jurisdiction over them on the basis of the Minnesota long-arm statute would violate the Due Process Clause of the Fourteenth Amendment. On the basis of these rulings, the District Court granted the motion for summary judgment. This appeal followed.

Minnesota's Workers' Compensation Act is designed to provide an injured employee or his heirs with an exclusive remedy when an employee is injured during the course of employment. "The liability of an employer prescribed by this chapter is exclusive and in the place of any other liability." Minn. Stat.Ann. 176.031 (West 1966). *See Karst v. F.C. Hayer Co.*, 447 N.W.2d 180, 183–85 (Minn.1989). Ytuarte has received workers' compensation benefits as a result of the fatal accident. *See* Joint Appendix of Appellees at 2–3. As Albert Ytuarte's employer, Gruner + Jahr is not liable for any common-law claims such as the present one.[2] The District Court correctly granted summary judgment for Gruner + Jahr.

■ The five individual partners were granted summary judgment on the ground that they lack the requisite minimum contacts with Minnesota and that the District Court therefore could not exercise personal jurisdiction over them because to do so would violate their rights under the Due Process Clause. In the absence of consent or waiver, in order to establish personal jurisdiction consistent with due process two requirements must be met. First, it must be shown that to maintain the lawsuit would not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). Second, the defendant must have " 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.' " *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).

■ Ytuarte has alleged no circumstances that meet these requirements with respect to Asset, Schulte–Hillen, and Woessner. Ytuarte claims that because the partnership owns property in Minnesota and produces goods in Minnesota for worldwide distribution, there is a sufficient

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

2. Ytuarte claims that Brown is a "separate and distinct" entity from Gruner + Jahr under the dual persona theory. Appellant's Brief at 22. Even if such a theory is applicable in Minnesota, *Egeland v. State*, 408 N.W.2d 848, 850–51 (Minn.1987) (declining to apply the dual persona doctrine "even if we were to adopt it" as a cognizable doctrine), this claim is meritless. Brown is a division of Gruner + Jahr, Appellant's Appendix at 8; the two entities are not separate and distinct.

presence of the partners in the state to satisfy the Due Process Clause. This argument is entirely without merit, and requires no further discussion.

As to Schulte–Hillen and Woessner, Ytuarte argues that as managing partners of the partnership they are responsible for maintaining the partnership property in Minnesota. While they may have such a duty to the other partners as a result of the partnership agreement, *see* Appellant's Appendix at 12–14, this contractual obligation to the other partners does not serve to satisfy the requirements of *International Shoe* and *World–Wide Volkswagen*. Finally, "without pointing to numerous specific contacts," Appellant's Brief at 17, Ytuarte argues through a "rhetorical question," *id.*, that the defendants have made numerous contacts with Minnesota (via telephone, fax, and mail) sufficient to satisfy the personal jurisdiction requirements. This argument lacks evidentiary support in the record of this case. We decline to subject potential defendants to personal jurisdiction based on unsubstantiated "rhetorical questions." Asset, Schulte–Hillen, and Woessner properly were granted summary judgment by the District Court.

■ However, we conclude that the Due Process Clause does not preclude the District Court from exercising personal jurisdiction over BGJ and Group. These two corporate defendants have appointed an agent for the service of process in Minnesota, pursuant to the Minnesota Foreign Corporation Act, Minn.Stat.Ann. §§ 303.01–303.24 (West 1985 & Supp.1991). As we said recently in *Knowlton v. Allied Van Lines*, 900 F.2d 1196, 1200 (8th Cir.1990), "appointment of an agent for service of process under [chapter 303] gives consent to the jurisdiction of Minnesota courts for any cause of action, whether or not arising out of activities within the state. Such consent is a valid basis of personal jurisdiction."[3] *See also Neirbo Co. v. Bethlehem Shipbuilding*, 308 U.S. 165, 170, 174, 60 S.Ct. 153, 155, 157, 84 L.Ed. 167 (1939); *Ex parte Schollenberger*, 96 U.S. 369, 376–77, 24 L.Ed. 853 (1877).[4]

The District Court found that despite the Minnesota Worker's Compensation Act, Minnesota law allows an individual partner to be held liable for his own negligence for injuries that are sustained by an employee of the partnership while in the course of employment. No appeal or cross-appeal has been taken from this aspect of the District Court's ruling.[5]

Defendants do argue, however, that as a matter of Minnesota law the complaint states no cause of action against any of the partners, as they (as distinguished from the partnership) owed no duty to Albert Ytuarte and therefore could not be legally responsible under either a contract or a tort theory for the accident that caused his death. Although this argument may have merit, the District Court did not reach it. We decline to address it now, as we would find it helpful for the District Court to address it in the first instance. *See Schweiss v. Chrysler Motors*, 922 F.2d 473, 476 (8th Cir.1990).

The order of the District Court granting the defendants' motion for summary judgment is affirmed in part and reversed in part, and we remand the case to the District Court for further proceedings consistent with this opinion.

---

3. We are unpersuaded by the appellees' attempt to distinguish *Knowlton* on the basis that that case involved a transitory cause of action.

4. The Minnesota Supreme Court recently held that because a corporation "irrevocably consented to service of process by registering an agent [pursuant to Chapter 303], it has consented to personal jurisdiction." *Rykoff–Sexton, Inc. v.* *American Appraisal Associates*, 469 N.W.2d 88, 89 (Minn.1991).

5. It appears that Minnesota is one of only a few states that allow such liability. *See* 2 A. Larson, *Workmen's Compensation for Occupational Injuries and Death*, § 72.13 at 14–33 to 14–34 (Desk Ed.1990 & Supp.1991).