*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1818**

James P. Thommes,
Appellant,

vs.

Honeywell International, Inc.,
Respondent.

**Filed June 22, 2015
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-CV-14-4924

Beau D. McGraw, McGraw Law Firm, P.A., Lake Elmo, Minnesota (for appellant)

Jessica L. Roe, Peter L. Gregory, Bassford Remele, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Hooten, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellant sued his former employer for compensation following a workplace injury. The district court granted the employer's request to dismiss the complaint after it

determined that the exclusive-remedy provision of the Minnesota Workers' Compensation Act bars appellant's claim. We affirm.

## FACTS

Respondent Honeywell International employed appellant James Thommes as a machinist from 1984 until 2011. Thommes suffered an injury during the course of his employment with Honeywell, and in August 2013, Honeywell settled Thommes's workers' compensation claim for $40,000.

Five months later, Thommes brought an action against Honeywell in district court seeking additional compensation for his injury. In his complaint, Thommes alleged that Honeywell "recklessly" exposed him to "biocides and other chemicals" and that this long-term exposure injured him. Thommes also alleged that Honeywell "knew" that these biocides could cause illness, but the company "consciously disregarded" the risks posed by the chemicals and used them despite the risk. He did not allege that Honeywell deliberately intended to injure him.

Thommes asserted that he could bring this common-law action against his employer despite the fact that he had received benefits under the Minnesota Workers' Compensation Act (WCA) and settled his claim for work-related injuries. Honeywell moved to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that Thommes was limited to his recovery under the WCA by that statute's exclusive-remedy provision. Honeywell further argued that while there is a narrow exception in the statute for employees who allege that their employer

2

intentionally injured them, Thommes's complaint, as written, did not meet the limited exception because he did not allege that Honeywell deliberately intended to injure him.

Thommes did not move to amend his complaint, and the district court granted Honeywell's motion. The district court reasoned that the exclusive-remedy provision of the WCA bars Thommes's action, and because Thommes did not assert that Honeywell deliberately intended to injure him, he could not invoke the narrow exception to this provision. This appeal follows.

## DECISION

We review de novo a district court's decision to dismiss a complaint for failure to state a claim upon which relief may be granted. *Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010). When reviewing a decision to dismiss, we examine the legal sufficiency of the claim to determine whether the complaint could support the relief demanded. *Id.* When conducting our review, we must assume that all of the facts in the complaint are true and must construe all "reasonable" inferences from those facts in favor of the nonmoving party. *Id.* A complaint "will be dismissed only if it appears to a certainty" that no facts consistent with the complaint could be introduced that would support granting the requested relief. *Id.*

"The workers' compensation system in Minnesota is based on a mutual renunciation of common law rights and defenses by employers and employees alike." Minn. Stat. § 176.001 (2014). Under the WCA, an employer is "liable to pay compensation in every case of personal injury or death of an employee arising out of and in the course of employment without regard to the question of negligence." Minn. Stat.

3

§ 176.021, subd. 1 (2014). This statutory remedy is "exclusive and in place of any other liability." Minn. Stat. § 176.031 (2014).

Our supreme court has carved out a narrow exception to this exclusive-remedy provision. An employee may bring a common-law action against the employer if the employee's injury was caused by the employer's "conscious and deliberate intent to inflict injury" upon the employee. *Gunderson v. Harrington*, 632 N.W.2d 695, 703 (Minn. 2001) (quotation omitted). An employer's intentional act leading to injury does not by itself trigger this exception; the employer's intentional action must be premised on "a deliberate or malicious intent to injure." *Hildebrandt v. Whirlpool Corp*., 364 N.W.2d 394, 396 (Minn. 1985). An employer's intent to injure may not be inferred from an employer's negligent act or from an employer's decision to engage in an act that the employer knows, with "substantial certainty," will injure an employee. *Meintsma v. Loram Maintenance of Way, Inc.*, 684 N.W.2d 434, 440 (Minn. 2004) (quotation omitted).

Thommes contends that his complaint meets the narrow exception to the exclusive-remedy provision of the WCA. Thommes argues that, while he did not use the exact phrase "conscious and deliberate intent," the complaint "put Honeywell on notice" that it was liable because "Honeywell acted intentionally in causing him injury." Thommes's specific theory is that Honeywell acted intentionally in using the biocides after recklessly disregarding the health risks that the biocides posed.

Thommes is correct that we follow a notice-pleading standard when considering motions to dismiss. *See Walsh v. U.S. Bank, N.A.,* 851 N.W.2d 598, 604-05 (Minn.

4

2014). But in recognition of the narrow and specific exception that Thommes tries to invoke, putting Honeywell on notice that he claimed Honeywell was liable for his injury because Honeywell "acted intentionally" is not sufficient to trigger the exception to the WCA. Intentionally acting *despite* a known risk, with reckless disregard for the possibility that the harm posed by that risk will occur, is not the same as acting with the deliberate intent to cause that harm. An employee can invoke the exception only when the employer engages in this latter course of action. *See Meintsma*, 684 N.W.2d at 440; *Gunderson*, 632 N.W.2d at 703; *Hildebrandt*, 364 N.W.2d at 395. Here, Thommes's complaint did not contain allegations that are sufficient to state a claim under the intentional-injury exception to the exclusive-remedy rule of the WCA. He did not contend that Honeywell deliberately intended to injure him.

Thommes argues that even if he did not allege that Honeywell intended to injure him, he can still prevail. He contends that Honeywell's intent to injure can be inferred from the complaint. Thommes is correct that we generally must construe all "reasonable" inferences from the complaint in the nonmoving party's favor. *See Bahr*, 788 N.W.2d at 80. But when an employee seeks to invoke the intentional-injury exception, an employer's "intent to injure" may not be inferred from an employee's allegation that an employer was negligent or disregarded a risk that it believed was substantially certain to occur. *See Meintsma*, 684 N.W.2d at 440. The concepts are different. Even under rule 12's liberal standard, Thommes's allegations are insufficient to state a claim upon which relief may be granted.

5

Finally, Thommes argues that if his allegations do not permit common-law recovery, we should adopt a new standard and expand the exception to the WCA. But the "task of extending existing law falls to the supreme court or the legislature," not this court. *Glorvigen v. Cirrus Design Corp*., 796 N.W.2d 541, 557 (Minn. App. 2011) (quotation omitted), *aff'd*, 816 N.W.2d 572 (Minn. 2012). Under existing caselaw, we must affirm.

**Affirmed.**